Freddie R. JACKSON, Appellant,

v.

Fred L. EWTON et ux., Appellees.

No. 16758.

Court of Civil Appeals of Texas.

Dallas.

June 24, 1966.

Rehearing Denied July 22, 1966.

Fanning, Billings, Harper, Pierce & Gilley, Dallas, for appellant.

James D. Stevenson and Douglas Riley, Jr., Dallas, for appellees.

BATEMAN, Justice.

The appellees Fred L. Ewton and wife sued Freddie R. Jackson for damages on account of bodily injuries sustained when the automobile he was driving collided with the rear end of their automobile. The jury found that Jackson failed to keep a proper lookout, which proximately caused the occurrence in question, and acquitted him of the other alleged acts of negligence. The jury also found that (15) Fred Ewton attempted to make a right turn into private property from the center lane of South Beckley Street, (16) which was negligence, and (17) a proximate cause of the occurrence in question. Appellees moved, under Rule 301, Vernon's Texas Rules of Civil Procedure, that the court disregard the findings in response to Special Issues Nos. 15, 16 and 17 and for judgment *non obstante veredicto*. The court sustained the motion to disregard, so far as the answer to Special Issue No. 17 was concerned, and rendered judgment for appellees. The court did not disregard or set aside the findings in response to Special Issues Nos. 15 and 16. Jackson, as appellant, presents only one point of error on appeal, which is that the court erred in rendering the judgment for appellees on the basis that there was no evidence to support the jury's answer to Special Issue No. 17, because the evidence "clearly presented facts, conflicting and otherwise from which different inferences might reasonably be drawn by an ordinary person."

*Facts*

The appellees were traveling in a northerly direction in their automobile on South Beckley Street in the City of Dallas, following another car being driven by Mr. Ewton's brother and which had turned to the right into a private driveway of a nursing home. It was the intention of appellees to follow that car into the grounds of the nursing home, but the brother's car stalled momentarily in the driveway. Appellees' car slowed down almost to a complete stop, waiting for the driveway to clear, when appellant's car, also traveling in a northerly direction, collided with the rear end of their car.

South Beckley Street at that place consisted of four lanes, two southbound and two northbound, with a median strip separating the two sets of lanes. The two northbound lanes were described as "normal lanes," each ten or twelve feet wide. Ewton's "right turn indicator" was on, and he testified that his car was three feet from the right curb at the time of the collision, although appellant testified that appellees' car was eight feet from the right curb. It is undisputed that at the time of impact appellees' car was still headed North, the front wheels not having yet been turned to the right.

Appellant testified that he first became aware of the presence of the Ewton car in front of him just before he hit it, that he had noticed some cars but "wasn't paying especially any attention to that one"; that at the time right before the collision he was busy putting a check in his billfold and had momentarily taken his eyes off the road; that he was going thirty miles an hour, and when he looked up the Ewton car was about fifteen feet in front of him and that he immediately applied his brakes; that when he looked up and saw Ewton's car in front of him the latter was more in the left lane than in the right lane; that he was almost stopped when he hit the Ewton car, and in his opinion he would only have gone four or five feet if the other car hadn't been there; that his car

stopped right where it hit the other car. Ewton testified that after the collision he stepped off the skid marks left on the pavement by appellant's car and there were 48 feet of them, and that those skid marks "angled" from the left side of the roadway to its right side, where the impact was.

## Opinion

As said in Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194, 199, "* * * to sustain the action of the trial court in granting judgment non obstante veredicto, it must be determined that there is no evidence having probative force upon which the jury could have made the findings relied upon."

A jury finding may not be disregarded under the provisions of Rule 301, T.R.C.P., "if the record discloses any evidence of probative value which, with inferences that may be properly drawn therefrom, will reasonably support the same." Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273, 276.

Another well settled rule is that when judgment is rendered *non obstante veredicto* only that evidence which supports the jury's verdict will be considered. Shelton v. Belknap, 155 Tex. 37, 282 S.W.2d 682, 683.

Also, in passing upon a motion for judgment n. o. v. we must consider the evidence in the light most favorable to the party against whom the motion is made, indulging every reasonable intendment deducible from the evidence in such party's favor. Leyva v. Pacheco, 163 Tex. 638, 358 S.W.2d 547, 550; Burt v. Lochausen, supra.

The trial court declined to disregard the findings in response to Special Issues Nos. 15 and 16. Appellees did not except thereto and they file no cross-point or cross-assignment of error in this court complaining thereof. Therefore, we are bound by those findings of negligence on the part of Ewton, leaving for us to determine only whether there was any evidence of probative value to support the finding of proximate cause in response to Special Issue No. 17.

For a negligent act to be a proximate cause of a certain result, it must meet two tests. Not only must the act have been actually a cause of the objectionable result, but "it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances." Milwaukee & St. P. Railway Co. v. Kellogg, 94 U.S. 469, 24 L.Ed. 256, as quoted in Texas & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162, 164; Hopson v. Gulf Oil Corp., 150 Tex. 1, 237 S.W.2d 352; Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W.2d 359. The evidence clearly supports the implied finding that Ewton ought to have foreseen the collision, leaving open only the question of whether his negligent conduct actually caused it.

Was there a causal connection between the negligent act and the collision? We think the question must be answered in the affirmative. Since an *attempt* to do an act consists of some ineffectual overt act, accompanied by an intent to perform the act, we think the jury may very properly have considered Ewton's acts in slowing the speed of his car until it was almost stopped, and putting in operation the blinking light indicating a right turn, as such overt act or acts. The jury probably concluded that these acts, being part of of the process of turning, constituted at least one cause of the collision.

Accordingly, we think the trial court erred in holding that the finding of proximate cause was without support in the evidence. However, feeling that the case was not fully developed and that justice would be better served thereby, we

reverse the judgment and remand the cause for another trial. London Terrace v. McAlister, 142 Tex. 608, 180 S.W.2d 619; Rule 434, T.R.C.P.

Reversed and remanded.