Freddie R. JACKSON, Petitioner,

v.

Fred L. EWTON et ux., Respondents.

No. A–11671.

Supreme Court of Texas.

Feb. 22, 1967.

Fanning & Harper, Donald A. Gilley, Dallas, for petitioner.

Stevenson & Riley, James D. Stevenson, Dallas, for respondents.

GREENHILL, Justice.

Fred L. Ewton and wife sued Freddie R. Jackson for personal injuries sustained when Jackson's car struck the rear of the automobile driven by Fred Ewton. Trial was to a jury which found the defendant Jackson negligent, but convicted Ewton of contributory negligence. The trial court, however, rendered judgment for the plaintiffs Ewton notwithstanding the verdict. The Court of Civil Appeals sitting at Dallas, feeling that the case had not been fully developed, reversed the trial court's judgment, and remanded the cause for a new trial in the interest of justice. 405 S.W.2d 443.

This suit arose out of an automobile accident in October of 1963. Ewton, his wife, and his daughter were traveling north on South Berkley, a four-lane thoroughfare in the City of Dallas. Ewton slowed to a "creep" or stop, waiting to make a right turn into a private drive, when Jackson struck him from the rear. At the time, Ewton was following his brother's car, which had slowed upon entering this same private drive, causing Ewton to drive very slowly or stop before making his turn.

In response to special issues the jury found that the defendant, Jackson, failed to keep a proper lookout and that this was a proximate cause of the collision. The jury, however, acquitted him of driving too fast, following too closely, and failing to apply his brakes in time. The jury also found that the plaintiff, Ewton, attempted to make a right turn from the center lane [Special Issue No. 15], that this was negligence [Special Issue No. 16], and a proximate cause of the collision [Special Issue No. 17]. The Ewtons filed motions for the court to disregard the jury's answers to Special Issues Nos. 15, 16, and 17, and for judgment notwithstanding the verdict. The trial court disregarded the finding to Special Issue No. 17 only, and rendered judgment notwithstanding the verdict for the plaintiffs Ewton.

The defendant, Jackson, appealed. The plaintiffs had only three counter-points in their brief in the Court of Civil Appeals, all of which were addressed to Special Issue No. 17. These will be discussed later. There were no cross-points.

The Court of Civil Appeals reversed the trial court's judgment, holding that there was evidence to support the jury's finding of proximate cause [Special Issue No. 17]. It, however, remanded the cause for a new trial under Rule 434 on the ground that the case had not been fully developed and that justice would be better served thereby. 405 S.W.2d at 445–446.

Jackson has filed an application for writ of error asking this Court to render judgment for him. He contends that under Rule 324,[1] the Court of Civil Appeals was required to render judgment for him when it reversed the trial court because the Ewtons, the appellees, filed no cross-points, as distinguished from counter-points, in the Court of Civil Appeals that resulted in vitiating the jury's verdict.

■ "Counter-points" are basically "reply points" as prescribed in the first clause of Rule 420: "The brief of the appellee shall *reply* to the *points* relied upon by the appellant . . . ." These assist the appellate court in finding the answers given to the points of the appellant. From the standpoint of the advocate, their function is to show that the point or points of the opposite party are not valid. "Cross-points" are really "points" which are used to preserve error committed by the trial court. They are the means by which an appellee may bring forward complaints of some ruling or action of the trial court which the appellee alleges constituted error as to him. They are called for under the second clause of Rule 420: "and in case the appellee desires to complain of any ruling or action of the trial court, his brief in regard to such matters shall follow substantially the form of the brief for appellant." Skaggs,

"The Appellee's Brief," in Appellate Procedure in Texas (1964) §§ 13.10, 13.16; Calvert, Some Problems of Supreme Court Review, 21 Texas Bar Journal 75, 113 (1958). It would avoid confusion if the term "reply points" were used instead of "counter-points." As illustrative of the distinctive nature of cross-points, the interpretation of the rules by the rules subcommittee was that "the appellee's complaint may be called a 'point' or a 'cross-point' and of course, must be accompanied by briefing as required by the rules." See comment following Rule 420 in Vernon's Annotated Texas Rules, page 254, and Bowman v. Puckett, on motion for rehearing, Tex.Civ. App., 185 S.W.2d 228 at 231, which holding was approved by this Court (though the cause was reversed on other grounds) in 144 Tex. 125, 188 S.W.2d 571 at 575 (1945). Rule 324 deals with and requires cross-points, not reply points or counter-points.

■ Normally, when a trial court has entered judgment notwithstanding the verdict, and an appellate court concludes that this was error, it must reverse the judgment of the trial court and enter judgment in harmony with the verdict, unless the appellee presents by cross-points grounds sufficient to vitiate the jury's verdict or to prevent an affirmance of the judgment had one been entered on the verdict. Crow v. City of San Antonio, 157 Tex. 250, 301 S.W.2d 628 (1957); Le Master v. Fort Worth Transit Co., 138 Tex. 512, 160 S.W.2d 224 (1942); see Rule 324.

■ The Ewtons did file three counterpoints in the Court of Civil Appeals; however, they filed no cross-points, i. e., points asserting error committed against them on the trial. Their three counter-points asserted, in effect, that the trial court properly disregarded the jury's answer to Special Issue No. 17 and properly entered judgment notwithstanding the verdict because there was no evidence to support the jury's finding that his negligence in turning was a

---

1. All references to rules herein are to the Texas Rules of Civil Procedure.

proximate cause of the collision, there was no proximate cause as a matter of law, and there was no evidence to support the submission of Special Issue No. 17.

The Court of Civil Appeals overruled all of the Ewtons' counter-points; and as stated, they have filed no application for writ of error in this Court. Under these circumstances, none of these points are properly before this Court. Calvert, Some Problems of Supreme Court Review, 21 Texas Bar Journal 75 (1958); Vanover v. Henwood, 136 Tex. 348, 150 S.W.2d 785 (1941). The Ewtons, however, contend that under Rule 434 the Court of Civil Appeals [and under Rule 505, this Court] could remand the case for a new trial, Rule 324 to the contrary notwithstanding.

■ In 1957, Rule 324 was amended to *require* the appellee to bring forward by cross-points in his brief in the Court of Civil Appeals *all* complaints against the verdict and any judgment based thereon except for complaints that "require the taking of evidence in addition to that adduced upon the trial of the cause." The purpose of this amendment was to require a final disposition of the case by the appellate court, where a judgment notwithstanding the verdict is erroneously rendered by the trial court, on the basis of the record before it, and to order a remand only as to questions that require the taking of additional evidence, such as jury misconduct. Rule 324; see Franki's comment following Rule 324, Vernon's Annotated Texas Rules, 1966 pocket part page 301 et seq.

■ Under these circumstances a remand of the cause for new trial under Rule 434 or Rule 505 in a situation such as the one with which we are now faced may occur only in unusual situations. See Scott v. Liebman, 404 S.W.2d 288 (Tex.Sup.1966); Sanders v. Harder, 148 Tex. 593, 227 S.W.2d 206 (1950); Connor v. Buckley, 380 S.W.2d 722 (Tex.Civ.App.1964, no writ); Cozby v. Edwards, 203 S.W.2d 569 (Tex. Civ.App.1947, writ ref'd n. r. e.); Dean v. Safety Casualty Co., 190 S.W.2d 750 (Tex. Civ.App.1945, writ ref'd w. o. m.).

In Sanders v. Harder, the trial court rendered judgment notwithstanding the verdict for the plaintiff, and the Court of Civil Appeals affirmed. Harder, the appellee-respondent, filed no cross-assignments revealing error committed against him on the trial, in the Court of Civil Appeals or this Court. We reversed the judgments of both the lower courts. Instead of rendering judgment under Rule 324 and Le Master v. Fort Worth Transit Co., supra, however, we remanded the cause for a new trial because the verdict was insufficient to form the basis of a judgment that Harder, the plaintiff in the trial court, take nothing.

In Scott v. Liebman, supra, the trial court rendered judgment for the defendant notwithstanding the verdict. The Court of Civil Appeals reversed the trial court's judgment, and rendered judgment for the plaintiff, the defendant-appellee's cross-points presenting no ground for the reversal of a judgment on the jury's verdict. This Court agreed with the Court of Civil Appeals that the trial court had entered an erroneous judgment. We concluded, however, that, since the law on which the case had been tried and the special issues formulated had been changed by this Court between the time of trial and the appeal to the Court of Civil Appeals, we should remand in the interest of justice. 404 S.W.2d at 294.

■ In so doing, we stated that the power to remand under Rule 505 constituted an exception to the rule anounced in the *Le Master* case. We did not mean to imply that an appellate court faced with a situation similar to the one here under consideration may remand under Rule 434 or Rule 505 instead of rendering judgment pursuant to Rule 324 under the rule announced in *Le Master*, without relying upon a good and sufficient reason for so doing, reflected by the record.

In this case, the Court of Civil Appeals stated only one reason for remanding the cause, i. e., that the case had not been fully developed. We have read the entire statement of facts and are unable to agree with that conclusion. There was a two-car collision. The drivers of both cars testified as well as a passenger, Mrs. Ewton. The parties rested without suggesting that other testimony was needed. There was no mention in the briefs in the Court of Civil Appeals that the case had not been fully developed. Counsel for the Ewtons stated in his brief that there was "very little difference between the testimony on both sides. Really, the only point of dispute is whether or not at the time of the actual impact the right side of appellees' [Ewtons'] vehicle was three feet from the curb . . . or whether it was eight feet from the curb." It was only after the Court of Civil Appeals had rendered its opinion that the case should be remanded for a new trial because it had not been fully developed that the Ewtons (in their answer to Jackson's motion for rehearing) stated that they had additional evidence which they could present as to the location of the Ewton car and asked for a remand. It is not stated what the evidence would be.

To so order a remand is contrary to the general rule as announced in the *Le Master* case, and not in keeping with the purpose of Rule 324 to provide for one appeal in the case instead of two. See Stout, Motions Non Obstante Veredicto, 18 Texas Bar Journal 271, 353 (1955). A remand in this case would not serve to provide the plaintiffs Ewton with a chance to develop questions requiring the taking of additional evidence which they had no opportunity to develop in the trial court, such as jury misconduct. Author's comment to Rule 324, Vernon's Annotated Texas Rules, 1966 pocket part. It would merely afford them an opportunity for another "bite at the apple." Stout, Motions Non Obstante Veredicto, supra at 356; see London Terrace v.

McAlister, 142 Tex. 608, 180 S.W.2d 619 (1944).

The judgments of the courts below are reversed and judgment is here rendered that the plaintiffs take nothing.