**In re BABY GIRL S, A Child.**

**No. 11–81–157–CV.**

Court of Appeals of Texas, Eastland.

Sept. 8, 1983.

Rehearing Denied Sept. 8, 1983.

Sam Moore, Moore & Holloway, Abilene, for appellant.

Charles E. Myers, Rhodes & Heatherly, Abilene, for appellee.

Mary F. Keller, American Civil Liberties Foundation of Texas, Inc., Austin, for amicus curiae.

ON REHEARING

RALEIGH BROWN, Justice.

This proceeding began on January 15, 1981, when appellee, Christian Homes of Abilene, Inc., brought suit to terminate the parent-child relationship between B.G.S., an illegitimate infant girl, and her mother. The mother had executed an Affidavit of Relinquishment of Parental Rights pursuant to Tex.Fam.Code Ann. sec. 15.03 (Vernon Supp. 1982–1983) and supported appellee in these proceedings, testifying that she concluded it was in the child's best interest to be placed for adoption by appellee. Appellant, Donald J. Kirkpatrick, is the biological father of the child. Appellant filed a cross-action seeking to legitimate the child and gain her custody. The biological father's entire cause was pled and tried under the Voluntary Legitimation Subchapter of the Texas Family Code.[1] Both the natural

---

1. Tex.Fam.Code Ann. sec. 13.21 (Vernon Supp. 1982–1983) provides that upon execution of a statement of paternity by the father of an ille-

gitimate child and filing by a designated person of a petition attached to the statement of paternity:

mother and appellee, as temporary managing conservator, refused to consent to the voluntary legitimation decree. Trial was before the court without a jury. Finding it to be in the best interest of the child, the trial court ordered and decreed: (1) termination of the parent-child relationship between the natural mother and the child; (2) appointment of appellee as the child's managing conservator; (3) foreclosure and termination of all rights in and to the child which appellant may have had, the court refusing to grant its consent to appellant's request for voluntary legitimation under Sec. 13.21(c), supra. The biological father appealed the judgment, challenging the constitutionality of Sec. 13.21, supra, on the basis that it violates the "equal protection" and "due process" requirements of the Fourteenth Amendment to the Constitution of the United States. This court affirmed the judgment of the trial court. See *In re Baby Girl S.,* 628 S.W.2d 261 (Tex.App.—Eastland 1982, writ ref'd n.r.e.). By its order dated June 16, 1982, the Supreme Court of Texas refused appellant's application for writ of error, stating that it found no reversible error. On January 17, 1983, the Supreme Court of the United States granted appellant's petition for writ of certiorari. —— U.S. ——, 103 S.Ct. 784, 74 L.Ed.2d 991 (1983).

The State of Texas, through its Attorney General, first became involved in these proceedings by filing a brief with the Supreme Court of the United States. The state intervened pursuant to 28 U.S.C. sec. 2403(b).

In summary, the Attorney General argues that although appellant's challenge is directed to the constitutionality of the Voluntary Legitimation Subchapter,[2] which he chose as his only means of attempting to establish paternity, the Paternity Suit Subchapter[3] was and is available to appellant and other unwed fathers as a means of establishing paternity. The Paternity Suit Subchapter arguably provides the "due process" and "equal protection" requirements which appellant contends are lacking in the Voluntary Legitimation Subchapter. The Attorney General thus contends that as the Texas statutory scheme, particularly the Paternity Suit Subchapter, adequately protects the rights of unwed fathers, the writ of certiorari should be dismissed in order that the biological father might replead his case in the Texas courts.

The Supreme Court of the United States, in its memorandum opinion of April 12, 1983, —— U.S. ——, 103 S.Ct. 1760, 76 L.Ed.2d 337 (1983) vacated the judgment of this court and remanded the cause for further proceedings:

> [T]o determine whether, under Texas Law, petitioner could have obtained and may still obtain a decree designating him as the father of his child pursuant to the provisions of the Texas Family Code, Sections 13.01–13.09. [Paternity Suit Subchapter].

The Supreme Court determined that the resolution of the state law question raised by the Attorney General's brief, which was

---

(b) The court shall enter a decree designating the child as the legitimate child of its father and the father as a parent of the child if the court finds that:
(1) the parent-child relationship between the child and its original mother has not been terminated by a decree of a court;
(2) the statement of paternity was executed as provided in this chapter, and the facts stated therein are true; and
(3) the mother or the managing conservator, if any, has consented to the decree.
(c) The requirement of consent of the mother is satisfied if she is the petitioner. If the entry of the decree is in the best interest of the child, the court may consent to the legitimation of the child in lieu of the consent of the mother or managing conservator.

(d) A suit for voluntary legitimation may be joined with a suit for termination under Chapter 15 of this code.
(e) A suit under this section may be instituted at any time.

2. Tex.Fam.Code Ann. sec. 13.21, quoted in footnote 1, will herein be referred to as the Voluntary Legitimation Subchapter.

3. Tex.Fam.Code Ann. sec. 13.01–13.09 (Vernon Supp. 1982–1983) will herein be referred to as the Paternity Suit Subchapter. The parties' briefs have cited no cases, nor have we discovered any in which a biological father attempted to establish his paternity as to an illegitimate child under this Subchapter.

"not passed upon or relied upon below," may establish appellant's entitlement to relief under Texas statutory law, obviating any decision on the constitutional issue. In support of its position, the court cited *Paschell v. Christie-Stewart*, 414 U.S. 100, 94 S.Ct. 313, 38 L.Ed.2d 298 (1973), and *Musser v. Utah*, 333 U.S. 95, 68 S.Ct. 397, 92 L.Ed. 562 (1948).

Regarding the appellant's position, expressed in his most recent brief, that he is ready and willing to replead his case within the Paternity Suit Subchapter should this court remand the case to the trial court, the rule in Texas remains as succinctly expressed on motion for rehearing in *Chevalier v. Lanes, Inc.*, 147 Tex. 106, 213 S.W.2d 530, 535 (1948):

> Our law does not contemplate remands for new trial except in connection with reversals and does not permit reversals except for errors.

The law in Texas is also well settled that an errorless judgment of a trial court cannot be reversed in the interest of justice to permit the losing party to have another trial, *City of Houston v. Blackbird*, 394 S.W.2d 159, 165 (Tex.1965), or to allow them "another bite at the apple." *Jackson v. Ewton*, 411 S.W.2d 715, 719 (Tex.1967); *National Life and Accident Insurance Company v. Blagg*, 438 S.W.2d 905, 911 (Tex.1969).

The judgment of the trial court was affirmed by this court upon its original submission. No reversible error was found by the Supreme Court of Texas. Therefore, no remand in the interest of justice is available to appellant under the settled law of this state.

As the applicability of the Paternity Suit Subchapter was never urged in the courts of this state during any stage of the proceedings before certiorari was granted, and as we are prohibited from reversing an errorless judgment so that it may be remanded in the interest of justice, we hold that the questions posed by the Supreme Court of the United States should be answered as follows: Under Texas Law petitioner (1) could not have obtained in this Court and (2) may not now obtain from this Court a decree designating him as the father of Baby Girl S pursuant to Tex.Fam. Code Ann. secs. 13.01–13.09 (Vernon Supp. 1982–1983) because those provisions were not relied upon in the trial court.

This court's judgment of February 11, 1982, affirming the judgment of the trial court is reinstated. We adhere to the opinion rendered on that date. See 628 S.W.2d 261.