**R.H. MARTINI, Appellant,**

v.

**Jim TATUM, Appellee.**

**No. 07–89–0062–CV.**

Court of Appeals of Texas, Amarillo.

Aug. 9, 1989.

Rehearing Denied Sept. 5, 1989.

Schimmel & Associates, Bruce Ian Schimmel, Houston, for appellant.

Jim Tatum & Associates, Jim Tatum, Houston, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

R.H. Martini perfected this appeal from a take-nothing judgment rendered against both him and Jim Tatum, the only parties remaining in the litigation concerning contracts for the sale and purchase of real property. With four points of error, Martini contends that the trial court erred in (1) granting Tatum's oral motion for instructed verdict as to his, Martini's, issue of malicious prosecution; (2) denying his conditional motion to dismiss without prejudice his issue of malicious prosecution; (3) granting Tatum's motion, and denying his motion, for entry of judgment; and (4) not granting his alternative motion for judgment non obstante veredicto. On the rationale expressed, we will sustain the third contention of error, overrule the other points of error, and reverse and remand with instructions.[1]

The transcript does not contain the pleadings initiating the litigation, but we learn from the appellate record that the controversy had its inception in an agreement for Martini to sell, and Tatum to buy, a tract of land situated in Harris County. The property, on which Tatum desired to build a two or three story building, contained approximately 20,868 square feet and was known as 420 Jackson Hill at Dickson Street.

Their 1981 written contract provided, among other conditions, that Tatum would, and he did, place $5,000 in escrow with Buffalo Title Company, where the closing was scheduled for 6 January 1982. Martini was to, and he did, apply to the City of Houston for a utility letter securing sewerage capacities satisfactory to Tatum, who was given the right to clear the rear 5,000 square feet of the property for the placement of a temporary building.

The City of Houston refused the request for utilities, allowing utilities to the property only for five single residential units per acre, and stated that the request for the removal of existing structures for the construction of a 20,000 square foot building exceeded restrictions and must be denied. Buffalo Title requested Tatum to give his acceptance or denial of the utility situation. Tatum did not sign and return the tendered waiver, and orally told Buffalo Title that he would not close on 6 January 1982.

Martini thought Tatum had defaulted and the contract was "dead." In February following the scheduled closing date, Buffalo Title requested Tatum to advise the status of closing the contract. Tatum did not respond.

In March or April of 1982, Martini contracted to sell the property to Frank Evans. The contract was not consummated because Martini's wife refused to execute a deed required by the title company. Evans

---

1. After the parties were notified that because neither had timely requested oral argument, the appeal would be submitted on the briefs pursuant to Rule 75(f), Texas Rules of Appellate Procedure, Martini moved for, and Tatum opposed, leave to present oral argument. Ascertaining that oral argument will not materially aid in the determination of the issues advanced on appeal, we overrule Martini's motion for oral argument.

filed suit on 4 June 1982 to recover from Martini for breach of contract.

Thereafter, by his 13 July 1982 letter, Tatum requested a closing of the 1981 Martini–Tatum contract. Martini's attorney denied Tatum a right to closing because of Tatum's failure to close on 6 January 1982, and made a request for Buffalo Title to forfeit the $5,000 escrow earnest money to Martini. By reply, Tatum disputed the right of forfeiture and stated that he still would like to purchase the property, "but a new contract would be necessary."

More than two months later, in October of 1982, Tatum requested, and Buffalo Title agreed, to transfer the $5,000 escrowed earnest money to another escrow account in the event the cash was needed. The funds remained on deposit with Buffalo Title until June of 1987, when they were released to Tatum upon an agreement that Martini would not be liable for any claim for interest.

In November of 1982, Tatum sent notification by letter that he had decided to waive the utility requirements and close the sale. In return, he was denied the right to close on the ground that there was no contract.

Afterwards, on 11 March 1983, Tatum intervened in the Evans–Martini lawsuit, alleging his 1981 contract with Martini was a valid contract still in effect, and seeking specific performance or damages. Subsequently, apparently in July of 1983, the controversy between Evans and Martini was settled, after which the litigation continued between Tatum and Martini.[2]

By his live trial pleadings, Martini, generally and specifically denying Tatum's allegations and the continuing validity of their 1981 contract, sought to recover damages from Tatum for, *inter alia*, breach of contract and malicious prosecution, together with reasonable attorney's fees.

After the details of the foregoing recitation were adduced before a jury, evidence of reasonable and necessary attorney's fees was given by Martini's attorneys. Two attorneys testified to a total of $43,-333.09 attorney's fees for preparation and trial of the cause. One of the attorneys testified to fees in the event of appeals. His testimony was that $10,000 would be adequate for an appeal in the court of appeals; if the case is appealed to the Supreme Court of Texas, "approximately $5,000 would be necessary to prosecute the appeal;" and if the matter is appealed to the Supreme Court of the United States, his experience was "that approximately $25,000 would be expended."

Following the close of testimony, Tatum orally moved for, and the trial court granted, an instructed verdict on Martini's ground of recovery for malicious prosecution. Sometime later, Martini asked the court to allow him to voluntarily dismiss, without prejudice, his cause of action for malicious prosecution. The court, agreeing with Tatum that the matter had been judicially determined previously, denied the motion to dismiss.

Upon submission of the cause to the jury without objection by either party to the issues submitted, the jury, in responding to the numbered special issues, (1) failed or refused to find that Martini failed to comply with his agreement with Tatum, but (3) found that Tatum breached his earnest money contract with Martini. The jury further (4) found that Martini should be awarded as reasonable and necessary attorney's fees, the sums of $10,000 for preparation and trial, $38,316.67 in the event of an appeal to the court of appeals, $43,316.67 if a writ of error is applied for to the Supreme Court of Texas, and $68,316.67 if a writ of error is granted by the Supreme Court of Texas.

Martini moved for entry of judgment and partial judgment non obstante veredicto or, alternatively, for entry of judgment on the jury's verdict. By his motion for judgment and partial judgment non obstante veredicto, Martini sought judgment on the jury's answers to special issues 1 and 3 and, in lieu of the jury's answers to special issue 4, the respectively evidenced and uncontroverted amounts of $42,316.09, $10,000, $5,000, and $25,000 for attorney's fees.

---

2. Evans was dismissed as a party to the litiga-tion and he is not a party to this appeal.

Tatum moved for a take-nothing judgment against both parties. In doing so, he represented that there was no evidence to support Martini's claim of malicious prosecution, that the jury found there had been no breach of the contract as to either of them, and that the award of attorney's fees is not supported by the evidence or the law.

Although neither the transcript nor the judgment reflects a ruling on the motions, the court's docket sheet reveals a hearing was had on the judgment and, in their briefs, both parties agree that the court granted Tatum's motion and overruled Martini's motion. Consistent therewith, the court, reciting in the decretal portion of its judgment that it had ruled no evidence was heard to support Martini's pleadings of malicious prosecution, that the jury found there had been no breach by either party, and the jury's answer to special issue 4 as to attorney's fees, then adjudged that the parties take nothing against each other.

Martini perfected a limited appeal. Tatum replied, but he has not requested any appellate relief.

■ As the cause is postured on appeal, the trial court cannot be faulted, as Martini does with his first and second points of error, for granting Tatum's motion for an instructed verdict on Martini's issue of malicious prosecution, or for denying Martini's conditional motion to dismiss that cause of action without prejudice. Martini neither pleaded nor proved the prior termination of a judicial proceeding in his favor that was instituted against him by Tatum, one of the requirements for stating a cause of action for malicious prosecution. *James v. Brown*, 637 S.W.2d 914, 918 (Tex.1982). Because we are bound by the law declared by our Supreme Court, *Woodard v. Texas Dept. of Human Resources*, 573 S.W.2d 596, 598 (Tex.Civ.App.—Amarillo 1978, writ ref'd n.r.e.), we must decline Martini's invitation to reform the law to follow the lead of Georgia in providing, as it did in *Yost v. Torok*, 256 Ga. 92, 344 S.E.2d 414 (1986), for the merger of a malicious prosecution action into, and for a trial at the same time as, an underlying cause of action.

■ Furthermore, Martini's motion to dismiss his cause of action for malicious prosecution without prejudice, coming as it did after the parties had closed the evidence and the court had granted Tatum's motion for an instructed verdict on the issue, was made too late for him to be entitled to the dismissal. Tex.R.Civ.P. 162. Martini's points of error one and two are overruled.

■ Nor, contrary to Martini's fourth point of error, can the court be faulted for denying Martini's motion for judgment non obstante veredicto with respect to attorney's fees. Aside from the reality that the last two of the series of attorney's fees issues included in special issue 4 did not comport with either the pleadings or the testimony, Martini did not otherwise establish as a matter of law an amount for his reasonable and necessary attorney's fees.

The opinion testimony of his attorneys, albeit based on some expertise and uncontroverted, neither established the total amount of attorney's fees, nor the amount for each stage of the proceedings, as a matter of law, nor was the testimony conclusive on the jury. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex.1986). Indeed, the attorneys, testifying on Martini's behalf, were interested witnesses; and, in that role, their testimony of attorney's fees, some of which was given as an approximation, did no more than raise a fact issue as to the amounts. *Anchor Casualty Company v. Bowers*, 393 S.W.2d 168, 169 (Tex.1965). Thus, Martini was not entitled as a matter of law to a judgment for attorney's fees in the amounts testified to by his attorneys. His fourth point of error is overruled.

■ This leaves for resolution Martini's third point of error, by which he contends the trial court erred in granting Tatum's, and denying his, motion for entry of judgment. By its answer to special issue 3, the jury affirmatively found that Tatum breached his earnest money contract with Martini. There was substantial evidence at trial that Martini was damaged by Tatum's breach of the contract, but an issue inquiring of Martini's actual damages because of

the breach was not submitted to the jury. Instead, the only submission for a monetary recovery by Martini was special issue 4 inquiring of the amount of reasonable and necessary attorney's fees for services rendered and to be rendered Martini by his attorneys in this cause.

It is made clear by the briefs on appeal that the parties contemplated that the submission of special issue 3 was an inquiry whether, and the jury's affirmative answer would be a finding that, the $5,000 escrowed earnest money was not tendered within 30 days after the termination of their contract in response to Martini's demand for its release, but was only released to Tatum in June of 1987 in partial settlement of any claim of interest. In this light and absent an objection to the submission, the parties are deemed to have accepted the issue as constituting a correct submission of Martini's claim to the $5,000 earnest money, and the jury's answer as a finding of Martini's valid claim to the funds, thereby binding them to the submission and finding. *Allen v. American National Insurance Company*, 380 S.W.2d 604, 609 (Tex.1964). Thus, Martini established "a valid claim" within the meaning of Section 38.001–38.005, Texas Civil Practice and Remedies Code Annotated (Vernon 1986), so as to be allowed a recovery of reasonable attorney's fees, although he did not achieve a monetary recovery on the claim itself. *McKinley v. Drozd*, 685 S.W.2d 7, 10–11 (Tex.1985).

■ There was no motion before the court to disregard the jury's answer to special issue 3. Therefore, the court erroneously recited in its take-nothing judgment that:

> The case was then submitted on special issues as to breach of contract of Martini to Tatum and breach of contract of Tatum to Martini and the Jury found that there had been no breach by either party.

Not only was the recitation a misperception of the jury's verdict, but the legal effect of the court's recitation was the court's disregard of the jury's finding to special issue 3, which was supported by the evidence, on its own initiative. The court is not empowered to do so. *Arch Const., Inc. v. Tyburec*, 730 S.W.2d 47, 51 (Tex.App.—Houston [14th Dist.] 1987, no writ); *Durham v. Uvalde Rock Asphalt Co.*, 599 S.W.2d 866, 876 (Tex.Civ.App.—San Antonio 1980, no writ). In this situation, the jury's special issue 3 finding must be reinstated. *Alm v. Aluminum Co. of America*, 717 S.W.2d 588, 594 (Tex.1986).

It follows that, as the post-trial motions were positioned, the court should have denied Tatum's motion, and granted Martini's motion, for judgment on the verdict. The court erred in failing to do so. Martini's third point of error is sustained.

The reinstatement of the jury's answer to special issue 3, together with the efficacy of Martini's motion for judgment on the verdict, normally would require that we reverse the judgment of the trial court and render judgment in harmony with the verdict. Tex.R.App.P. 81(c). This would be the usual result since Tatum has not presented by cross-point any ground to vitiate the jury's verdict or to prevent the affirmance of the judgment had one been rendered on the verdict. *Jackson v. Ewton*, 411 S.W.2d 715, 717 (Tex.1967).

Nevertheless, having found that the court rendered an erroneous judgment that must be reversed, we will remand the cause to the trial court for further proceedings in order that the "ends of justice will be better subserved thereby." *Karl and Kelly Company, Inc. v. McLerran*, 646 S.W.2d 174, 175 (Tex.1983). In this connection, Tatum, conceding that the trial judge has a duty to render judgment in accordance with the jury's findings, proposes that the court rendered a directed verdict because there was no evidence upon which the jury could award attorney's fees. Yet, since the court rendered a judgment contrary to the jury's verdict in the absence of a proper motion therefor, the remand is appropriate to afford Tatum an opportunity, which he has not had, to complain of the evidential support for the jury's findings of the amounts of attorney's fees for the various stages of the proceedings. *Alm v. Aluminum Co. of America*, 717 S.W.2d at 594.

Upon remand, the trial court shall render judgment on the jury's verdict. Then, the court shall permit Tatum the opportunity to file an appropriate post-judgment motion to complain of the evidential support for the various amounts the jury awarded Martini for attorney's fees. *DeWinne v. Allen*, 154 Tex. 316, 277 S.W.2d 95, 101 (1955).

Accordingly, the judgment of the trial court is reversed, and the cause is remanded to the trial court for proceedings not inconsistent with this opinion.