NO. 07-00-0222-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 31, 2001

______________________________

KETTLE, INC. AND TEJAS FARMS, LTD., APPELLANTS

V.

SHANNON CARAWAY, APPELLEE

_________________________________

FROM THE 69
TH
 DISTRICT COURT OF SHERMAN COUNTY;

NO. 4257; HONORABLE RON ENNS, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

This appeal arises from a suit for breach of contract and declaratory judgment arising out of a farm lease agreement.  The issues on appeal concern the denial of attorneys’ fees and the disposition of a motion to disregard jury answers.  For reasons we later recount, we modify the trial court’s judgment and, as modified, affirm the judgment.

Appellant Tejas Farms, Ltd. is a Texas limited partnership in which Kettle, Inc. is the general partner.  These parties will be referred to collectively as Tejas.  Caraway Farms is a limited partnership in which Shannon Caraway (Caraway) was the general partner.  In 1994, Tejas leased tracts in two sections of land in Sherman County to Caraway Farms for agricultural use.  The lease was to continue through the end of 1998.  The consideration for the lease was a crop rental to be paid by Caraway.  After harvesting several crops, Caraway did not plant anything in the fall of 1998 because Tejas allegedly misrepresented the amount of available irrigation water. 

The suit underlying this appeal was originally filed on September 21, 1998, by Caraway Farms against Kettle.  In the suit, recovery was sought for breach of contract based upon an alleged failure to make irrigation pump repairs as required by the lease.  However, an amended petition was filed in which Caraway was named as the sole plaintiff.  In its supplemental answer, Tejas asserted several defenses and also asserted counterclaims seeking recovery for gas provided to Caraway for breach of contract, conversion, and for declaratory relief.  

At trial, and in response to questions submitted to it, the jury found:  1) Tejas breached the lease agreement on section 221 (one of the sections covered by the lease), 2) Caraway suffered damage to the extent of $10,400, 3) Tejas was entitled to title and possession of a Reinke irrigation system, 4) Tejas breached the contract on section 68 (the other section covered by the lease), 5) Caraway suffered damages from the breach of that agreement in amounts of $28,331 prior to September 21, 1994, and $19,889 after September 21, 1994, 6) Tejas is entitled to title and possession of a Lockwood irrigation system, 7) Caraway breached the lease agreement on section 68, 8) $2,383.95 would compensate Tejas for that breach, 9) Caraway breached the agreement on section 221, 10) Caraway’s breach of that agreement did not cause Tejas any damages, 11) Caraway did not convert government payments belonging to Tejas, 12) (contingent question not answered), 13) Tejas did not furnish natural gas to Caraway, 14) (contingent question not answered), 15 & 16) reasonable attorneys’ fees for each party were $19,993.31 for trial, $2,500 for appeal to this court and $1,500 for appeal to the Texas Supreme Court.

In its amended judgment, the trial court awarded Caraway against Kettle and Tejas, jointly and severally, the sum of $27,905.05 actual damages
(footnote: 1) and attorneys’ fees as found by the jury.  It also awarded Tejas title and possession of both irrigation systems, but denied it any recovery for attorney fees and assessed costs against Tejas.  Tejas now challenges the trial court judgment and, in doing so, presents two issues.

In its first issue, Tejas complains of the trial court’s failure to award it attorneys’ fees and costs.  It contends that an award of attorneys’ fees was mandatory because it prevailed on its claims of breach of contract and declaratory judgment against Caraway.  We will first consider its declaratory judgment claim.

Section 37.009 of the Texas Declaratory Judgments Act provides that a court “may award” such costs and attorneys’ fees that are “equitable and just” in a proceeding under that Act.  Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon 1997).  Our supreme court has held this language to be permissive rather than mandatory.  
Bocquet v. Herring
, 972 S.W.2d 19, 20 (Tex. 1998).  Tejas has failed to show that the trial court abused its discretion in electing not to award attorneys’ fees and costs.  Thus, the trial court’s denial of those items on Tejas’ claim for declaratory relief was not reversible error.

Awards of attorneys’ fees in connection with breach of contract claims are governed by Chapter 38 of the Civil Practice and Remedies Code (Vernon 1997 & Supp. 2001).  In contrast to the Declaratory Judgments Act, section 38.001 provides a person “may recover” attorneys’ fees for enumerated types of claims.  In
 Bocquet
, the court noted the phrase “may recover” made an award of attorneys’ fees mandatory if the statutory prerequisites were met.  972 S.W.2d at 20 (
citing
 
D.F.W. Christian Television, Inc. v. Thornton
, 933 S.W.2d 488, 490 (Tex. 1996)).  This is so even though the standard of review for an award of attorneys’ fees on the basis of breach of contract is abuse of discretion.  
AU Pharmaceutical Inc. v. Thornton
, 986 S.W.2d 331, 337 (Tex. 1996).  The test for an abuse of discretion is whether the trial court’s decision is arbitrary or unreasonable.  
Id.
 

Tejas cites 
McKinley v. Drozd
, S.W.2d 7, 11 (Tex. 1985), and  
Martini v. Tatum,
 776 S.W.2d 666, 670 (Tex.App.--Amarillo 1989, writ denied), for the proposition that the offset of any monetary recovery for claims on which it prevails does not deprive a party of the right to attorneys’ fees.  In its brief, Caraway does not respond directly to that proposition, but rather seeks to support the trial court’s action on the basis that the evidence of attorneys’ fees presented by Tejas was legally insufficient to support such an award.

McKinley
 involved a claim by a builder against a homeowner.  685 S.W.2d at 7.  The owner counterclaimed for breach of contract and DTPA.  Both parties established their claims and damages.  Although the owner’s recovery was entirely offset by amounts awarded to the builder, the trial court awarded offsetting attorneys’ fees to each party.  Disagreeing with the court of appeals’ holding that a net recovery was required for an award of attorneys’ fees, the supreme court affirmed the trial court’s judgment by holding that even in the absence of a net recovery, attorneys’ fees could be awarded in breach of contract suits as well as in DTPA suits.  
Id. 
at
 
10
.  
The allowance of attorneys’ fees in 
McKinley
 is significant here inasmuch as the court was construing former Texas Revised Civil Statute article 2226,
(footnote: 2) the progenitor of Chapter 38 of the Civil Practice and Remedies Code.  Because of the similarity of the circumstances present in 
Martini
 to those present in 
McKinley
, we relied upon the 
McKinley
 rationale and affirmed an award of attorneys’ fees to a party who prevailed on his claim even though he did not obtain a net recovery. 776 S.W.2d
 
670.

Although the holdings in 
McKinley 
and 
Martini 
that the absence of a net recovery would not preclude an award of attorneys’ fees, those holdings do not support the proposition that it is error to deny attorney fees to a party who prevails on some claims but does not have a net recovery.

Tejas also argues that the denial of its attorneys’ fees here actually amounted to a judgment 
non obstante veredicto
 because it disregarded the jury answer regarding attorneys’ fees incurred by Tejas.  We disagree.  The jury’s answer simply determined the 
amount
 of reasonable and necessary attorneys’ fees incurred.  Entitlement to recover those fees was a question of law to be determined by the court.  
Leon Ltd. v. Albuquerque Commons Partnership
, 862 S.W.2d 693, 708 (Tex.App.--El Paso 1993, no writ).   
 
    
 
 

Even so, there is a long line of authority holding that the phrase “may recover” in section 38.001 makes an award of attorneys’ fees mandatory if the statute is otherwise satisfied. 
See, e.g., Whitehead v. State Farm Mut. Auto. Ins. Co.
, 952 S.W.2d 79, 89 (Tex.App.--Texarkana 1997, no writ); 
Gerdes v. Mustang Exploration Co., 
666 S.W.2d 640, 645 (Tex.App.--Corpus Christi 1984, no writ); 
Williams v. Northrup
, 649 S.W.2d 740, 747 (Tex.App.--Tyler 1983, writ ref’d n.r.e.).  Tejas prevailed on its claims for breach of contract and no challenge has been raised on the issue of presentment of those claims.  Consequently, under section 38.001, Tejas was entitled to recover its attorneys’ fees unless, as Caraway contends, the evidence was insufficient to support the jury finding.

Supporting its claim that the evidence is insufficient, Caraway argues that Tejas’ attorney did not state a specific number of hours spent on the case, nor did he introduce any written bills sent to Tejas.  Van Northern (Northern), Tejas’ attorney, testified after Caraway’s attorney had done so.  Caraway’s attorney, testifying as to his hourly rate and the number of hours spent on the case, concluded that a reasonable amount of attorney fees would be $19,933.31.  Northern testified as to his hourly rate, described the activities he had performed on the cases, gave a total of “approximately $20,000" and noted that it was “[b]asically the same amount of time that [Caraway’s counsel] testified to I believe would be reasonable.”  As we noted, the jury returned the same figure in the amount of $19,933.31 as reasonable attorneys’ fees for each party. 

The only authority cited by Caraway stands for the general proposition that an award of attorneys’ fees must be supported by some evidence. 
See, e.g., Leggett v. Brinson
, 817 S.W.2d 154 (Tex.App.--El Paso 1991, no pet.).  That authority does not support Caraway’s  argument that the failure to state a specific number of hours spent on the case makes the other evidence introduced on this issue a nullity.  Reiterated, the jury had before it a description of the work done by Northern, an approximation of the total amount of time expended, and Northern’s adoption of the opinion testified to by Caraway’s attorney as a reasonable fee for each party in the case.  The jury ultimately adopted the amount suggested by Caraway’s attorney and applied it as a reasonable fee for each party.  Believing there is ample evidence to support the jury’s finding, we sustain Tejas’ first issue.

In its second issue, Tejas complains of the trial court’s failure to disregard the jury’s answers to questions 8 and 10 pertaining to the amount of damages it suffered as a result of Caraway’s breach of the lease agreements on sections 68 and 221 respectively. Properly preserved for appellate consideration, Tejas’ argument is that it established those damages as a matter of law or, alternatively, that the jury’s findings were against the great weight and preponderance of the evidence.

Tejas cites and relies upon the testimony of its representative, Joel Hart, who estimated the damages resulting from Caraway’s failure to plant a crop in 1998.  According to him, the property would have produced 170 bushels of corn per acre and there were 375 acres not planted.  Fifteen percent of the corn produced, or approximately 9,500 bushels, would have belonged to Tejas under the lease agreement.  Based on a price of $2.40 per bushel, Hart estimated that Tejas lost $23,000.  Hart also opined that Tejas was damaged because Caraway failed to deliver crops to storage facilities designated by Tejas pursuant to the lease.

Caraway responds to this argument by asserting that his failure to plant a crop in the fall of 1998 was due to a lack of water on the premises and that shortage was contrary to the representations made to him and was a breach of the lease contract.  Although not stated directly, Caraway’s argument relies upon the established rule that a breach of contract by one party excuses performance by the other party.  
See Shaw v. Kennedy, Ltd
., 879 S.W.2d 240, 247 (Tex.App.--Amarillo 1994, no writ).  Because the jury found that Tejas breached the contract, by necessary implication, the jury must have reasoned that there was inadequate water for Caraway to successfully grow a corn crop.  Thus, the trial court could have correctly held as a matter of law that Caraway’s failure to plant crops in the fall of 1998 was excused because of Tejas’ failure to furnish adequate water.  Thus, based upon the jury’s answers, it could find that Tejas was not entitled to damages because of Caraway’s failure to plant a fall 1998 crop.

Even so, this would not preclude the jury’s finding that Tejas was entitled to damages because Caraway breached the contract in other respects.  For example, there is evidence that supports the jury’s answer that Tejas suffered damages because of Caraway’s failure to deliver crops to the facility designated in the lease.  It is true that the amount awarded to Tejas was less than the damages Tejas asserted it had suffered because of the breach.  However, it is the exclusive province of the jury to assess the weight and credibility of witness testimony.  The jury is also free to believe all, part, or none of a witness’s testimony.  
Every v. United Services Auto Ass’n Cas. Ins. Co.
, 979 S.W.2d 818, 822 (Tex.App.--Eastland 1998, pet. denied). Thus, the jury was free to conclude that Tejas suffered less damage than the amount testified to by its witness.  We cannot say the trial court reversibly erred in denying Tejas’ motion to disregard the jury’s answers to questions 8 and 10.  Tejas’ second issue is overruled.

Because Tejas has established it was entitled to attorneys’ fees and the evidence was sufficient to support the jury’s award of those fees, it is necessary for us to modify the trial court’s judgment to award those attorneys’ fees to Tejas.  Tex. R. App. P. 44.2(b).  Accordingly, the judgment of the trial court is modified to provide that Tejas is entitled to attorneys’ fees in the amount of $19,933.31 for trial, $2,500 for an appeal to this court, and $1,500 for appeal to the Texas Supreme Court.  As modified, the judgment of the trial court is affirmed. 

John T. Boyd

 Chief Justice

Do not publish.

FOOTNOTES
1:
The trial court arrived at this figure by denying recovery of damages accruing before September 21, 1994, as being time-barred and it offset Tejas’ damages of $2,383.95 from Caraway’s damages of $30,289. 

2:
Repealed by Acts 1985, 69
th
 Leg., ch. 959, § 9(1), 1985 Tex.Gen.Laws 3242, 3322.