Ralph K. Burgess, Justice,
Dissenting
Although I agree with the majority’s well-reasoned analysis of the legal issues presented in'this appeal, I respectfully dissent from its disposition' of this appeal. Because we. are reversing the trial court’s judgment notwithstanding the verdict as to jury question number .13 (substituting damages in the amount of $110,629.70 in place of the jury’s zero verdict for ACT’s trust fund cause of action) and because ACT did not raise a cross-point on appeal to assert that the evidence was insufficient to support the jury’s zero damage answer in response to that question, I believe that Rule 324 of the Texas Rules of Civil Procedure and that Rule 38.2(b)(1) of the Texas Rules of Appellate Procedure require us to render judgment of zero .damages on ACT’s trust-fund cause of action. .
Rule 324 and Rule 38.2(b)(1) are almost identical in content. Rule 324(c) states, ■
Judgment Notwithstanding Findings; Cross-Points.'- When judgment is rendered non obstante veredicto or notwithstanding the findings of a jury on one or more questions, the appellee may bring forward by cross-point contained in his brief field in the Court of Appeals any ground which would ’ have vitiated, the verdict or would have prevented an af-firmance of the judgment had one been rendered by the trial court in harmony with the verdict, including although not limited to the ground that one or more of the jury’s findings have insufficient support in the evidence or are against the overwhelming preponderance of the evidence as a matter of fact, and the ground that the verdict and judgment based thereon should be set aside because of improper argument of counsel.
The failure to bring forward by cross-points such grounds as' would vitiate the verdict shall be deemed a waiver thereof
[[Image here]]
TEX. R. CIV. P, 324(c). Rule 38.2(b)(1) states,
(b) Cross points. (1) Judgment notwithstanding the verdict. When the trial court rendered judgment notwithstanding the verdict on one or more questions, the appellee must bring forward by cross-point any issue or point that would have vitiated the verdict or that would have prevented an affirmance of the judgment if the trial court had rendered judgment on the verdict. Failure to bring forward by cross-point an issue or point that would vitiate the verdict or prevent an affirmance of the judgment waives that complaint. Included in:this requirement is a point that: (A) the verdict or one or more jury findings have insufficient evidentiary support or are against the overwhelming *763 preponderance of the evidence as a matter of fact ....
Tex. R. App. P. 48.3(b)(1).
In Jackson v. Ewton, the Supreme Court analyzed Rule 324(c) in detail. Jackson v. Ewton, 411 S.W.2d 715 (Tex.1967). Jackson involved a lawsuit arising out of an automobile accident. Id. The trial court submitted the case on, special issues, and
the jury found that the defendant, Jackson, failed to keep a proper lookout and that this was a proximate'cause of the collision. The jury, however, acquitted him of driving too fast, following too closely, and failing to apply his brakes in time. The jury also found that the plaintiff, Ewton, attempted to make a right turn from the center lane (Special Issue No. 15), that this was negligence (Special Issue No. 16), and a proximate cause of the collision (Special Issue No. 17).
Id. at 716. In response to Ewton’s motion for JNOV, “[t]he trial court disregarded the finding to Special Issue No. 17 only, and rendered judgment notwithstanding the verdict for the plaintiffs Ewton.” Id. The court of appeals reversed the' trial court’s JNOV, finding that sufficient evidence to support the-jury’s answer to Special Issue No. 17 was presented. Id. at 717. It remanded the case for a new trial “on the ground that the case had not been fully developed and that justice would be better served thereby.” Id.
The Supreme Court noted that the purpose of Rule 324
was to require a final disposition of the case by the appellate court, where a judgment notwithstanding the verdict is erroneously rendered by the trial court, on the basis of the record before it, and to order a remand only as to questions that require the taking of additional evidence, such as jury misconduct.
Id. at 718. The Supreme Court then held that remand for a new trial was not proper because the case did not require-the taking of additional evidence “which [the parties] had no opportunity to develop in the trial court, such as jury misconduct.” Id. at 719. Rather, the Supreme Court held that remanding the case for a new trial “would merely afford [the plaintiffs] an opportunity for another ‘bite at the apple.’” Id. Accordingly, the Supreme Court reversed the judgment of the court of appeals and rendered judgment on the jury’s original verdict that the plaintiffs take nothing. Id.
Most significantly, the Supreme Court distinguished between “counter-points” and “cross-points” on appeal, and held that counter-points are not sufficient to bring the parties within the exception to Rule 324. Id. at 717. The Supreme Court then held,
The Ewtons did file three counter-points in the Court of Civil Appeals; however, they filed no cross-points, i.e., points asserting error committed against them on the trial; Their three counter-points asserted, in effect, that the trial court properly disregarded the jury’s answer to Special Issue No. 17 and properly entered judgment notwithstanding the verdict because there was no evidence to support the jury’s finding that his negligence in turning was a proximate causé of the collision, there was no proximate cause as a matter of law, and there was no evidence to support the submission of Special Issue No. 17.
Id. at 717-18. Consequently, the Supreme Court held that it is not enough that an appellee defended the trial court’s JNOV in its reply brief by challenging the sufficiency of the evidence supporting the jury’s original verdict. Rather, the appellee must assert insufficiency as a cross-point of error. If the court of appeals reverses the trial court’s JNOV and the appellee has not asserted insufficiency of the evidence in a cross-point of error, Rule 324 requires the court of appeals to render *764 judgment in harmony with the jury’s original verdict.
In the present case, ACT did not raise any cross-points on appeal. Under the Supreme Court’s ruling in Jackson, the fact that ACT may have asserted that the evidence was insufficient to support the jury’s zero damages response to question 13 in its reply brief does not satisfy Rule 324(c)’s or Rule 38.2(b)’s cross-point requirements. Consequently, I believe we must render judgment that ACT take nothing on its trust-fund cause of action consistent with the jury’s response to question 13. Moreover, because I believe that judgment should be rendered that ACT take nothing on its trust-fund claim regarding the Tabor Project, then it follows that we should also render judgment that ACT take nothing on the payment-bond claim on that project as well.
Accordingly, I would hold that ACT should have judgment in the amount of $14,214.20 for its sworn-account claim against Dudley on the Reclaimed Water Project. I would also hold that ACT take nothing on all of its other claims against Dudley. Finally, because ACT prevailed on its sworn-account claim against Dudley as to the Reclaimed Water Project, and because attorney fees are recoverable for a suit on sworn account,[22] I would address Dudley’s points of error regarding the award of attorney fees.

. See Tex. Civ. Prac. & Rem. Code § 38.001(7) (West 2015).