**Reversed and Remanded; Cross-Appeal Dismissed as Moot; and Majority Opinion and Concurring and Dissenting Opinion filed September 1, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00165-CV

---

## DONALD WELSH AND LISA MARSHALL, Appellants / Cross-Appellees

## V.

## RIVER HOLLOW ASSOCIATION, Appellee / Cross-Appellant

---

**On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2020-43000**

---

### CONCURRING AND DISSENTING OPINION

While I generally join the opinion and concur in almost all of the judgment, I dissent to the portion of the judgment and do not join the corresponding portion of the court's opinion that treats this proceeding as two separate appeals with only one case number merely because both plaintiffs and defendant have filed notices of appeals ("We dismiss as moot the HOA's cross-appeal.").

The court fundamentally misunderstands the history of taking an appeal from the trial court to the intermediate appellate court, both before and after the 1997 adoption of the current Texas Rules of Appellate Procedure effective September 1, 1997.[1] The previous procedure under the 1986 Texas Rules of Appellate Procedure (and before that under the Texas Rules of Civil Procedure) is discussed in the concurring opinion in *Donwerth v. Preston II Chrysler-Dodge, Inc.*, 775 S.W.2d 634, 640 (Tex. 1989) (Ray, J., concurring) (explaining in part proper use of term cross-point in the courts of appeals as "necessary only when expressly required by the rules, or when the appellee seeks to complain of some ruling by the trial court" and citing *Jackson v. Ewton*, 411 S.W.2d 715, 717 (Tex. 1967)). Justice Ray in his concurrence, joined by Justices Mauzy and Hecht, stated:

> I believe it is time to adopt a single, consistent procedure for perfection of appeals in Texas courts. I suggest two alternatives; there may be others. One is that the filing of a cost bond by any party to a case invokes the jurisdiction of the appellate court for the benefit of all parties. If the appellant complains as to only one appellee in a multiple party case, that appellee may, without perfecting an independent appeal, complain of any other party. If the appellant abandons his appeal or loses his right to continue, any other party may take up the burden of furnishing a record and continuing the appeal. This is the usual procedure for appeals to the Texas courts of appeals although numerous exceptions have been made, mostly in multiple party cases. The other alternative is that any party who seeks more or different relief from that provided by the trial court's judgment must perfect his own appeal. An appellee may urge any ground in support of the trial court's judgment without perfecting an appeal, but he cannot complain of the judgment on the basis that some other party has appealed. This is generally the procedure for appeal to this court and to the United States courts of appeals. I do not attempt to present a comparison of the benefits and detriments of these two approaches. My

---

[1] Final Approval of Revisions to the Texas Rules of Appellate Procedure, 60 Tex. B.J. 876 (Tex. & Tex. Crim. App. 1997) (authorizing revised Texas Rules of Appellate Procedure to be effective Sept. 1, 1997).

point is simply that our justice system would be well served by a simple, consistent, comprehensive, easily applied set of rules applicable in all appeals.

*Donwerth*, 775 S.W.2d at 643–44 (Ray, J., concurring).

Eight years later the supreme court resolved the "*Donwerth* issue" as part of the adoption of the 1997 Texas Rules of Appellate Procedure, choosing the federal approach for intermediate courts of appeals, (1) abolishing the cost bond as the means of perfecting an appeal, (2) requiring a party "taking an appeal to an appellate court" (an appellant) and "who seeks to alter the trial court's judgment or other appealable order" to file a notice of appeal, and (3) for the most part eliminating the concept of a cross-appeal with cross-points.[2] Tex. R. App. P. 3.1(a), 25.1(c). The former general notion that an appellee could seek more or different relief from that provided by the trial court's judgment by a cross-appeal with cross-points—but without having to perfect a separate appeal—was abolished in favor of requiring every party seeking more or different relief to become an appellant and file a notice of appeal.[3]

Whether the appeal to the intermediate court of appeals was taken under the former Texas Rules of Civil Procedure, the former 1986 Texas Rules of Appellate Procedure, or the current Texas Rules of Appellate Procedure, there is only one appeal, regardless of the number of appellants or the fact that some appellants are also appellees (and vice versa).[4] I would dismiss as moot the two issues brought by

---

[2] "We cannot, of course, attempt to formulate such rules in the context of the simple facts of this cause. We can, however, consider this problem in our continuing study and revision of the Texas Rules of Appellate Procedure." *Donwerth*, 775 S.W.2d at 644 (Ray, J., concurring).

[3] A true cross-point survives related to a judgment notwithstanding the findings of the jury. *See* Tex. R. Civ. P. 324(c).

[4] A case style that reflects the current appellate rules would be "Donald Welsh and Lisa Marshall, Appellants v. River Hollow Association, Appellee and River Hollow Association, Appellant v. Donald Welsh and Lisa Marshall, Appellees." I agree that while more accurate, that

the HOA as appellant. Even though the HOA filed a notice of appeal (and is therefore an appellant), there is still only one appeal, and this court errs in "dismissing" the HOA's appeal.

As Chief Justice Calvert has implored his appellate colleagues through the decades, "A correct draft of a judgment to be included in an opinion which has been written with care should be the final challenge to the writing judge." Robert W. Calvert, "Appellate Court Judgments or Strange Things Happen on the Way to Judgment," 6 Tex. Tech. L. Rev. 915. 925 (1975). I respectfully dissent to the portion of our judgment dismissing "HOA's cross-appeal" and otherwise concur in the judgment.


/s/     Charles A. Spain
Justice


Panel consists of Justices Wise, Spain, and Hassan (Wise, J., majority).

---

style is more cumbersome.