**KT BOLT MANUFACTURING COMPANY, Appellant,**

v.

**TEXAS ELECTRIC COOPERATIVES, INC., Appellee.**

No. 09–91–162 CV.

Court of Appeals of Texas, Beaumont.

Sept. 10, 1992.

Rehearing Denied Oct. 15, 1992.

---

Tina M. Shands, Law Office of Thomas A. Adams, III, Thomas A. Adams, III, Katy, for appellant.

John H. Seale, Seale, Stover, Coffield & Bisbey, Jasper, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

This is an appeal from the granting of a summary judgment. We affirm in part and reverse and remand in part.

On February 8, 1982, Texas Electric Co-operatives, Inc. (Texas Electric) filed suit against KT Bolt Manufacturing Co., (KT Bolt). On July 31, 1989, Texas Electric voluntarily non-suited its suit against KT Bolt. On October 15, 1990, KT Bolt filed suit against Texas Electric for malicious prosecution. Texas Electric filed its motion for summary judgment on December 11, 1990. On January 10, 1991, KT Bolt filed a second amended petition alleging malicious prosecution and abuse of process. On January 22, 1991, KT Bolt filed its response to the motion for summary judgment. That response pointed out to the trial court that the abuse of process allegations had been added in the second amended petition. The trial court heard Texas Electric's motion on February 1, 1991, and entered judgment granting the motion on February 7, 1991. KT Bolt urges two points of error. We consider them in reverse order.

Point of error number two alleges the trial court erred in granting the motion for summary judgment and in ordering that KT Bolt take nothing on its malicious prosecution action. It also specifically attacks individual sections of the findings of fact and conclusions of law filed by the trial court.[1]

Texas Electric's motion alleged that KT Bolt could not prevail because an essential element of its cause of action, termination of the original lawsuit in favor of KT Bolt,

---

1. KT Bolt requested the trial court make findings of fact and conclusions of law. Tex.R.Civ.P. 166a makes no mention of findings of fact and conclusions of law in the summary judgment practice. Clearly findings of fact are inappropriate since there must be no genuine issue as to any material fact before summary judgment is proper. Tex.R.Civ.P. 296, applies only to cases tried before the court without a jury. The summary judgment procedure is not a trial before the court.

was deficient as a matter of law. Both parties agree that Texas Electric's non-suit of the original suit was voluntary; they disagree over the legal consequence of that voluntary non-suit. The trial court held the non-suit was *not* a termination in favor of KT Bolt. We agree.

 Tex.R.Civ.P. 162 allows for the dismissal or non-suit of a lawsuit by the plaintiff at any time before the plaintiff has introduced all his evidence. Moreover, a plaintiff's right to take a non-suit is unqualified and absolute so long as a defendant has not made a claim for affirmative relief. *BHP Petroleum Co., Inc. v. Millard*, 800 S.W.2d 838 (Tex.1990). A dismissal is in no way an adjudication of the rights of the parties; it merely places them in the position that they were in before the court's jurisdiction was invoked just as if the suit had never been brought. *Crofts v. Court of Civil Appeals*, 362 S.W.2d 101, 104 (Tex.1962); *Matter of S.B.C.*, 805 S.W.2d 1 (Tex.App.—Tyler 1991, writ denied). The taking of a voluntary non-suit does not constitute a litigation of the issues in a case, and does not prejudice the parties against seeking the same relief in a subsequent suit. *Ashpole v. Millard*, 778 S.W.2d 169, 171 (Tex.App.—Houston [1st Dist.] 1989, no writ). Consequently, the voluntary nonsuit by Texas Electric in the first lawsuit was not a termination of that lawsuit in favor of KT Bolt. Thus, an essential element of a cause of action for malicious prosecution, termination in favor of the plaintiff, was missing *Martini v. Tatum*, 776 S.W.2d 666 (Tex.App.—Amarillo 1989, writ denied); *Delaporte v. Preston Square, Inc.*, 680 S.W.2d 561 (Tex.App.—Dallas 1984, writ ref'd n.r.e.). Point of error number two is overruled.

 The first point of error avers the trial court erred in ordering that KT Bolt take nothing against Texas Electric on the abuse of process cause of action. KT Bolt argues that the motion for summary judgment was filed prior to the second amended pleading, therefore it did not address the abuse of process cause of action. A summary judgment movant may not be granted judgment as a matter of law on a cause of action not addressed in summary judgment proceedings. *Chessher v. Southwestern Bell Telephone Co.*, 658 S.W.2d 563, 564 (Tex.1983). KT Bolt did bring this same argument before the trial court in its response to the motion for summary judgment. Obviously the trial court considered the issue since Conclusion of Law number four states: "KT Bolt Manufacturing Company does not have any basis in law for an action against Texas Electric Cooperatives, Inc. for abuse of process." The judgment of the court states the court "considered the pleadings of the parties, the motion and response...." However, Texas Electric's motion did not address the abuse of process cause of action. Therefore the motion was legally insufficient to merit summary judgment on a theory not addressed in the motion. *Whiddon v. Metni*, 650 S.W.2d 904, 906 (Tex.App.—Dallas 1983, writ ref'd n.r.e.). *Also see Clark v. First Nat. Bank of Highlands*, 794 S.W.2d 953 (Tex.App.—Houston [1st Dist.] 1990, no writ). This point of error is sustained.[2]

The judgment is affirmed as to the malicious prosecution cause of action and reversed and remanded as to the abuse of process cause of action.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

---

**2.** The trial court is not precluded from considering this issue in a proper motion for summary judgment.

