Marion **DUZICH**, Seafood Marketing, Inc., Gulfway Seafoods, Inc., Galveston Harbor Properties, Inc., Island Time Property Company, Island Spice & Tea Co., Southeast Packing Company, Fish Tales, Inc., the Spot in the Village, and Waterman International, Inc., Plaintiffs,

v.

**ADVANTAGE FINANCE CORPORATION**, the CIT Group/Commercial Services, Inc., DBO Seidman, LLP Defendants.

No. CIV.A.G–03–403.

United States District Court, S.D. Texas, Galveston Division.

Dec. 23, 2003.

Taylor M. Hicks, Jr., Hicks Thomas et al., Houston, TX, for Plaintiffs.

Michael S. Forshey, Greenberg Traurig LLP, Dallas, TX, for Defendants.

*ORDER GRANTING DEFENDANT THE CIT GROUP/COMMERCIAL SERVICES, INC.'S 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED*

KENT, District Judge.

This diversity case presents claims of malicious prosecution and civil conspiracy arising out of the alleged wrongful prosecution of an action in the United States Bankruptcy Court for the Southern District of Texas. For the reasons stated below, Defendant The CIT Group/Commercial Services, Inc.'s Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted is hereby **GRANTED**, and Plaintiffs' claims are hereby **DISMISSED WITH PREJUDICE.**

I. Background

This case arises out of an allegedly frivolous adversary proceeding filed in the Bankruptcy of Liberty Seafood, Inc. ("Liberty") in the United States Bankruptcy Court for the Southern District of Texas ("the Underlying Litigation"). On September 5, 2000, Defendants CIT Group/Commercial Services, Inc. ("CIT group" or "Defendant") and BDO Siedman, L.L.P. commenced the Underlying Litigation on behalf of Liberty. The Original Complaint and Motion for Temporary Restraining Order and Preliminary Injunction alleged that Plaintiffs had engaged in criminal conduct and fraud in connection with various seafood businesses with which Plaintiff Marion Duzich had been associated. The Bankruptcy Court issued a Temporary Restraining Order against all Plaintiffs on September 7, 2000. The Bankruptcy Court appointed a Trustee for the estate of Liberty on October 31, 2000. The Bankruptcy Court dis-

missed the Underlying Litigation on the Trustee's motion on July 31, 2002.

On June 3, 2003, Plaintiffs Marion Duzich, Seafood Marketing, Inc., Gulfway Seafoods, Inc., Galveston Harbour Properties, Inc., Island Time Property Company, Island Spice & Tea Company, Southeast Packing Company, Fish Tales, Inc., The Spot in the Village, and Waterman International, Inc. (collectively "Plaintiffs") filed their Original Complaint, which stated claims of malicious prosecution and civil conspiracy against CIT Group and other defendants. On July 25, 2003, Plaintiffs filed their First Amended Complaint, which named only CIT Group and BDO Siedman, L.L.P. as Defendants. On August 11, 2003, CIT Group filed its 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, to which Plaintiffs timely responded. On September 9, 2003, the Court issued its Order Dismissing Defendant BDO Siedman, L.L.P. Without Prejudice in accordance with Plaintiffs' unopposed Motion of Voluntary Dismissal and Federal Rule of Civil Procedure 41(a), leaving CIT Group as the sole Defendant.

## II.   Legal Standard

A party is entitled to dismissal under Rule 12(b)(6) when an opposing party fails to state a claim upon which relief may be granted. In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto. See Fed.R.Civ.P. 12(b)(6). When considering a motion to dismiss for failure to state a claim, the Court accepts as true all well-pleaded allegations in the complaint and views them in the light most favorable to the plaintiff. See Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir.2000) (noting that a court must construe the complaint liberally in favor of the plaintiff); see also Malina v. Gonzales, 994 F.2d 1121, 1125 (5th Cir. 1993). "A motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted." Collins, 224 F.3d at 498. A motion to dismiss should be granted only when it appears without a doubt that a plaintiff can prove no set of facts in support of his claims that would entitle him to relief. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) ("A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." (quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984))); see also Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir.1994).

## III.   Analysis

Defendant first asserts that the cause of action for malicious prosecution has not accrued. Defendant argues that the cause of action accrues upon termination of the underlying prosecution, including any appeals. Defendant argues further that a voluntary nonsuit does not signify that the prior suit was terminated. See KT Bolt Mfg. Co. v. Tex. Elec. Coop., Inc., 837 S.W.2d 273 (Tex.App.—Beaumont 1992, writ denied). Defendant notes that the cause of action for civil conspiracy accrues when the wrongful act occurs. See Coppock & Teltschik v. Mayor Day & Caldwell, 857 S.W.2d 631, 640 (Tex.App.—Houston [1st Dist.] 1993, writ denied). The malicious prosecution claim constitutes the alleged wrongful act underlying Plaintiffs' civil conspiracy claim. Because no malicious prosecution claim has accrued, Defendant argues, no claim for civil conspiracy has accrued.

■ Defendant argues, in the alternative, that even if a claim for malicious prosecution has accrued, the face of Plaintiff's First Amended Complaint fails to state a claim for malicious prosecution. To state a claim for malicious prosecution, a plaintiff must show "(1) the institution or continuation of civil proceedings against the plaintiff; (2) by or at the insistence of the defendant; (3) malice in the commencement of the proceeding; (4) lack of probable cause for the proceeding; (5) termination of the proceeding in plaintiff's favor; and (6) special damages." *Tex. Beef & Cattle Co. v. Green*, 921 S.W.2d 203, 207 (Tex.1996). Specifically, Defendants claim that Plaintiffs fail to allege facts to show (a) lack of probable cause, (b) malice, (c) that the previous suit terminated in favor of Plaintiff, and (d) special damages.

■ With respect to probable cause and malice, the Parties' dispute centers on the affidavit of Richard Williams. Defendant alleges that the Williams affidavit establishes that probable cause existed for the Underlying Action. Plaintiffs respond that Williams was a principal of Liberty, whose operations were under the complete control of CIT prior to the Underlying Action. Plaintiffs contend that CIT's own investigation uncovered evidence that none of Plaintiffs knew of or participated in any of the fraudulent activity alleged by Williams. According to Plaintiffs, numerous witnesses interviewed by Defendant's attorneys and accountants stated that they did not believe Duzich had participated in any fraud and provided information that exonerated Duzich and the other Plaintiffs. As a result, Plaintiffs contend, Defendant knew that the Williams affidavit was baseless, and the Underlying Litigation was therefore not supported by probable cause. With respect to malice, Plaintiffs claim that Defendant withheld and misrep-

resented facts when it obtained the TRO. Plaintiffs allege further that, based on its experience in the industry and prior relationship with Plaintiffs, CIT Group had special knowledge of the harm that would result from their baseless allegations. Plaintiffs also note that under Texas law, "malice may be inferred from the lack of probable cause." *Hayter v. City of Mount Vernon*, 154 F.3d 269, 275 (5th Cir.1998); *see also J.C. Penney Co. v. Ruth*, 982 S.W.2d 586, 590 (Tex.App.—Texarkana 1998, no pet.) ("Texas courts have long held that the jury may infer malice from the proof of lack of probable cause.").

The Parties' respective submissions reveal a substantial dispute concerning facts material to Plaintiffs' malicious prosecution claim. Taking all of Plaintiffs' factual allegations as true, as the Court must for purposes of the Motion to Dismiss, the Court concludes that a genuine issue of material fact exists concerning the malice and probable cause elements of Plaintiffs' malicious prosecution claim.

■ Next, Defendant claims that Plaintiffs have failed to allege facts in support of the element of special damages. Defendant notes that, in proving special damages, it is "insufficient that a party has suffered the ordinary losses incident to defending a civil suit, such as embarrassment, discovery costs, and attorney's fees." *Tex. Beef Cattle*, 921 S.W.2d at 208. Plaintiffs respond that an injunction that restrains a party from lawfully using its property satisfies the special damage requirement. *Id.* at 208 ("There must be some physical interference with a party's person or property in the form of an arrest, attachment, injunction, or sequestration."). Because Plaintiffs allege that the TRO interfered with the lawful use of their property, Plaintiff has satisfied the special damage element.

■ Finally, Defendant claims that Plaintiffs fail to show that the prior suit terminated in their favor because the Underlying Litigation was voluntarily dismissed by the Trustee. *See KT Bolt Mfg.,* 837 S.W.2d at 274 (holding that "the voluntary nonsuit by Texas Electric in the first lawsuit was not a termination of that lawsuit in favor of KT Bolt" and that a key element of a malicious prosecution claim was therefore missing). Plaintiffs respond that *KT Bolt* has been rejected by the Fifth Circuit and a subsequent Texas Court of Appeals decision. Plaintiffs first cite *Izen v. Catalina,* 256 F.3d 324 (5th Cir.2001), a case in which the government voluntarily dismissed all charges against the defendant in an IRS-directed criminal investigation. The Circuit concluded that when the government dismisses criminal charges against a defendant without any quid pro quo, such as a plea bargain, the suit is deemed to have terminated in favor of the defendant. *Id.* at 328 (citing "an order of dismissal based on the affirmative decision not to prosecute" as an example of favorable termination). Next, Plaintiffs cite *McCall v. Tana Oil & Gas Corp.,* 82 S.W.3d 337 (Tex.App.—Austin 2001), *rev'd in part on other grounds,* 104 S.W.3d 80 (Tex.2003), in which the Court stated that "we do not interpret *KT Bolt Manufacturing* as standing for an iron-clad rule that a favorable termination may never, as a matter of law, arise from a voluntary non-suit taken by the plaintiff in the underlying civil suit upon which a claim for malicious prosecution is founded." *Id.* at 350. Finally, Plaintiffs cite the *Restatement (Second) of Torts* for the proposition that "[c]ivil proceedings may be terminated in favor of the person against whom they are brought ... by the withdrawal of the proceedings by the person bringing them." Restatement (Second) of Torts § 674 cmt. j.

Unlike a criminal case, the voluntary dismissal of a civil case does not carry any particular meaning. By voluntarily dismissing a criminal case, the prosecution admits that it is not able to carry its burden of proof. Voluntary dismissal is a de facto admission to the community that the defendant is not guilty. By contrast, civil cases are dismissed for a number of reasons; for example, the plaintiff's medical condition becomes complicated or unexpectedly improves; the lawyer and client have a disagreement and dismiss the suit because they are unable to work it out; the plaintiff moves out of state or overseas; the plaintiff has a change of heart or religious conversion; or the plaintiff decides that pursuit of the claim is no longer feasible, practical, or politically correct. There are, in short, innumerable reasons to voluntarily dismiss a civil suit short of an admission that the claim has no merit. The Court distinguishes the Fifth Circuit authority on the ground that it concerns a type of proceeding that differs materially from the present case in a crucial respect.

The Court is inclined to follow the state court rule that voluntary dismissal may in some cases qualify as a favorable determination for the defendant. But the Parties do not provide any indication why the Trustee voluntarily dismissed the claims in the Underlying Litigation. In the face of the Parties' silence, the Court is left to guess what was in the Trustee's mind. In these circumstances, the termination of the Underlying Litigation means only that the Trustee, for whatever reason, decided that prosecution of the civil claims against Plaintiffs was not in the best interest of the estate. Accordingly, the Court concludes that Plaintiffs have failed to establish a necessary element of their malicious prosecution claim.

■ To state a claim for civil conspiracy under Texas law, Plaintiff must allege

facts supporting the following elements: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result."· *Apani Southwest, Inc. v. Coca–Cola Entr., Inc.*, 300 F.3d 620, 635 (5th Cir.2002) (quoting *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex.1983)). Defendants' Motion to Dismiss Plaintiffs' claim of civil conspiracy rests entirely on the premise that Plaintiffs have failed to state a claim for malicious prosecution and, therefore, cannot possibly establish an unlawful, overt act. Because Plaintiffs fail to state a claim for malicious prosecution, they cannot meet the requirement of an unlawful, overt act. Accordingly, they cannot state a claim as a matter of law for civil conspiracy against CIT Group. Because Plaintiffs cannot state a claim for malicious prosecution or civil conspiracy as a matter of law, CIT Group's Motion to Dismiss is **GRANTED**, and Plaintiffs claims are hereby respectfully **DISMISSED WITH PREJUDICE.**

IV.  Conclusion

For the above-stated reasons, the Court hereby **GRANTS** Defendant's 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, and Plaintiffs' claims are **DISMISSED WITH PREJUDICE.** Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED**