**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 29, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 04-40458

MARION DUZICH; SEAFOOD MARKETING, INC.; GULFWAY SEAFOODS, INC.; GALVESTON HARBOUR PROPERTIES, INC.; ISLAND TIME PROPERTY CO.; ISLAND SPICE & TEA CO.; SOUTHEAST PACKING CO.; FISH TALES, INC.; THE SPOT IN THE VILLAGE; and WATERMAN INTERNATIONAL, INC.,

Plaintiffs-Appellants,

versus

ADVANTAGE FINANCE CORP.; Et Al,

Defendants,

THE CIT GROUP/COMMERCIAL SERVICES, INC.,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas

Before GARZA, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:

Plaintiffs-Appellants Marion Duzich, *et al.* (together, "Duzich") appeal the district court's grant of the Rule 12(b)(6) motion to dismiss filed by Defendants-Appellees Advantage Financial Group, *et al.* (together, "CIT"). Duzich also appeals the district court's denial of Duzich's motion for leave to file a second amended complaint. We AFFIRM.

BACKGROUND

In September 2000 CIT filed the underlying prosecution against Duzich in bankruptcy court in the Southern District of Texas, on behalf of Liberty Seafood, Inc. ("Liberty"). The allegations concerned criminal conduct and fraud in the seafood business. The bankruptcy court granted CIT a temporary restraining order and preliminary injunction and appointed a trustee for Liberty (the "Trustee"). For reasons not in the record, the Trustee voluntarily dismissed the bankruptcy adversary proceeding.

In June 2003 Duzich filed this case based on diversity in district court in the Southern District of Texas. Duzich alleged that the underlying bankruptcy litigation constituted a malicious prosecution and that CIT engaged in civil conspiracy. CIT filed a motion to dismiss under Rule 12(b)(6). Duzich responded and CIT replied. The district court granted CIT's motion to dismiss for failure to state a claim and entered final judgment dismissing all Duzich's claims with prejudice. In doing so, the district court found that Duzich had not sufficiently pleaded a requisite element for a malicious prosecution claim – that the underlying litigation had terminated in Duzich's favor. In addition, the court found that Duzich had not satisfied a requisite element for civil conspiracy – an unlawful, overt act – because Duzich had not shown that CIT's initiation of the bankruptcy action was an unlawful act. The court also denied Duzich's motions for leave to file a second

2

amended complaint and for reconsideration.  Duzich timely appealed.

## DISCUSSION

**Whether the district court erred in dismissing Duzich's malicious prosecution claim.**

We review a Rule 12(b)(6) dismissal *de novo*.  ***Priester v. Lowndes County***, 354 F.3d 414, 418 (5th Cir. 2004).  Texas law governs this diversity case.  To establish a claim for malicious prosecution, a plaintiff must show: (1) the institution or continuation of civil proceedings against the plaintiff; (2) initiated by the defendant; (3) with malice in the commencement of the proceedings; (4) which proceedings lacked probable cause; (5) were terminated in the plaintiff's favor; and (6) resulted in special damages.  ***Tex. Beef Cattle Co. v. Green***, 921 S.W.2d 203, 207 (Tex. 1996).

The only element at issue here is whether Duzich has sufficiently shown that the underlying bankruptcy proceeding terminated in their favor to survive dismissal.  Although Duzich concedes that nothing in the record explains the reasoning for the Trustee's termination of the proceeding, Duzich nonetheless maintains that the voluntary dismissal of an action connotes a favorable termination for the opposing party.  Duzich argues that the Texas Supreme Court has adopted the Restatement (Second) of Torts § 674, cmt. j,[1] for the proposition that the voluntary

---

[1]Comment j of § 674 of the Restatement (Second) of Torts provides:

3

dismissal of civil proceedings should be construed as a favorable decision. *See **Texas Beef*** at 208. CIT relies on ***KT Bolt Manufacturing Co. v. Texas Electric Cooperatives, Inc.***, 837 S.W.2d 273 (Tex. App.–Beaumont 1992, writ denied), and argues that Texas law is clear that a voluntary dismissal is not a favorable termination for the plaintiff. CIT also contends the Texas Supreme Court did not wholly adopt the Restatement comment relied on by Duzich in the context of a voluntary dismissal of a civil action.

In ***KT Bolt***, a Texas appeals court explained that the dismissal

---

Termination in favor of the person against whom civil proceedings are brought. Civil proceedings may be terminated in favor of the person against whom they are brought under the rule stated in Clause (b), by (1) the favorable adjudication of the claim by a competent tribunal, or (2) the withdrawal of the proceedings by the person bringing them, or (3) the dismissal of the proceedings because of his failure to prosecute them. A favorable adjudication may be by a judgment rendered by a court after trial, or upon demurrer or its equivalent. In either case the adjudication is a sufficient termination of the proceedings, unless an appeal is taken. If an appeal is taken, the proceedings are not terminated until the final disposition of the appeal and of any further proceedings that it may entail.

Whether a withdrawal or an abandonment constitutes a final termination of the case in favor of the person against whom the proceedings are brought and whether the withdrawal is evidence of a lack of probable cause for their initiation, depends upon the circumstances under which the proceedings are withdrawn. In determining the effect of withdrawal the same considerations are decisive as when criminal charges are withdrawn; and therefore §§ 660-661 and 665, and the Comments under those Sections are pertinent to this Section. As to the right of restitution of money paid to compromise a claim brought without probable cause and in bad faith, see Restatement of Restitution, § 71.

RESTATEMENT (SECOND) OF TORTS § 674, cmt. j (1977).

of an action pursuant to a voluntary nonsuit was in no way an adjudication of the merits of the particular case. 837 S.W.2d at 275. There, the court held that because the voluntary nonsuit of the initial action brought by the now-defendant did not indicate a termination of the proceedings in the now-plaintiff's favor, the trial court properly determined that an essential element for malicious prosecution was missing. *Id.*

Here, we agree with the district court. The record in this case provides nothing from which to infer that the voluntary dismissal of the bankruptcy proceeding by the Trustee was a favorable termination for Duzich on the merits. Moreover, although the Texas Supreme Court noted that its rule in *Texas Beef* was in accord with cmt. j. of § 674 of the Restatement, the rule at issue did not concern whether to interpret a voluntary dismissal as a favorable termination. Instead, the court held that there could be no favorable termination for a malicious prosecution plaintiff while the underlying proceeding was still on appeal. 921 S.W.2d at 208 (quoting RESTATEMENT (SECOND) OF TORTS § 674, cmt. j (1977) ("If an appeal is taken, the proceedings are not terminated until the final disposition of the appeal and of any further proceedings that it may entail.")). *KT Bolt*'s holding remains undisturbed.[2]

---

[2]We note that a Texas appeals court implied in dicta that because of the Texas Supreme Court's adoption of cmt. j of § 674 of the Restatement in *Texas Beef*, *KT Bolt* cannot "stand[] for an iron-clad rule that a favorable termination may never, as a matter of law, arise from a voluntary non-suit taken by the plaintiff in the

Therefore, we find the district court properly applied Texas law as set forth in *KT Bolt* in this case.

**Whether the district court erred in dismissing Duzich's civil conspiracy claim.**

We continue our *de novo* review. *See Priester*, 354 F.3d at 418. To establish a claim for civil conspiracy in Texas, a plaintiff must show: (1) two or more persons; (2) an objective to be accomplished; (3) a meeting of the minds on the objective; (4) one or more unlawful, overt acts; and (5) proximate damages. *Apani Southwest, Inc. v. Coca-Cola Enters., Inc.*, 300 F.3d 620, 635 (5th Cir. 2002) (citing *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983)).

Duzich argues that they satisfied the requisite elements to support a civil conspiracy claim. CIT agrees with the district court, which found that because Duzich did not satisfy the elements for malicious prosecution, Duzich did not meet the predicate element of an unlawful, overt act for civil conspiracy.

We agree with CIT and the district court. *See generally Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1999), *abrogated on other*

---

underlying civil suit upon which a claim for malicious prosecution is founded." *McCall v. Tana Oil & Gas Corp.*, 82 S.W.3d 337, 350 (Tex. App.-Austin 2001), *rev'd in part on other grounds*, 104 S.W.3d 80 (Tex. 2003). However, again, whether to interpret a voluntary nonsuit as a favorable dismissal was not the particular issue in that case. *See id.* at 350-51 (affirming take-nothing judgment against plaintiffs because they had not proven the special damages element of malicious prosecution).

6

*grounds*, **Castellano v. Fragozo**, 352 F.3d 939 (5th Cir. 2003) (en banc) (noting how plaintiffs' civil conspiracy claim was contingent on the success of their malicious prosecution claim).

**Whether the district court abused its discretion in denying Duzich leave to amend a second time.**

Finally, we address Duzich's argument that the district court abused its discretion in denying them leave to amend their complaint a second time. The district court denied Duzich's Rule 15(a) motion using the same reasoning as in its granting of CIT's Rule 12(b)(6) motion. We agree with the district court that any amendment to Duzich's complaint would have been futile to cure its defects. *See, e.g.,* **United States ex rel. Adrian v. Regents of Univ. of Cal.**, 363 F.3d 398, 403 (5th Cir. 2004) (listing futility of amendment as justification for denial of leave to amend) (citation omitted). Therefore, we find the district court did not abuse its discretion.

## CONCLUSION

For the above reasons, we AFFIRM the district court's final judgment.

**AFFIRMED.**