In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-20-00198-CV
_____

**L&W SUPPLY CORPORATION D/B/A BUILDING SPECIALTIES, Appellant**

**V.**

**THOMAS KIZZIAH, INDIVIDUALLY, Appellee**

**On Appeal from the 172nd District Court**
**Jefferson County, Texas**
**Trial Cause No. E-204043**

### MEMORANDUM OPINION

L&W Supply Corporation (L&W or L&W Supply) sued Thomas Kizziah (Thomas) on a guaranty he signed to collect a debt incurred by Kizziah Construction when it charged supplies that it purchased to the account it opened at L&W Supply. The trial court, however, granted Thomas's motion for summary judgment, which was tied to affirmative

1

defenses he raised claiming L&W's suit against him was barred on theories of res judicata and collateral estoppel, defenses Thomas asserted prevented L&W from recovering on Thomas's guaranty. The trial court also denied L&W's motion for summary judgment against Thomas, which was based on L&W's claim against Thomas under Thomas's guaranty.

We conclude the trial court erred in granting Thomas's motion and in denying L&W's. We further conclude that even though L&W Supply has a right to recover attorney's fees on its claim on the guaranty, its proof of fees isn't sufficient to conclusively prove what amount is a reasonable and necessary attorney's fee award on its claim.

For the reasons explained below, we reverse the trial court's judgment in favor of Thomas, render judgment for L&W, and remand for further proceedings on the issue of attorney's fees and costs.

Background

L&W Supply is a commercial distributor of residential and commercial building materials. In February 2002, Kizziah Construction opened an account with L&W Supply. A written agreement governs the account, and the agreement allows Kizziah Construction to charge the supplies it bought from L&W to its account. L&W kept a systematic

2

record of what Kizziah Construction charged to the account. The agreement governing the account required Kizziah Construction to pay L&W interest at the rate of 1 1/2 percent per month on any outstanding balance not paid in thirty days after the balance on the account became due. In a separate agreement signed when Kizziah construction opened the account, Thomas Kizziah signed a personal guaranty promising he would pay Kizziah Construction's debt should it default on its obligations to L&W on the account.

In December 2018, L&W Supply sued Kizziah Construction for breaching the credit agreement. In the same suit, L&W sued Thomas for breaching the guaranty. L&W filed the suit in Jefferson County, Texas, and the district clerk assigned the case Trial Court Cause Number A-0203094 and assigned it to the 58th District Court. Although the appeal before us here is from the 172nd District Court, Thomas's res judicata and collateral estoppel defenses are tied to the case L&W Supply filed in the 58th District Court. Throughout the opinion, we will refer to the case L&W filed in the 58th District court as either the First Case or the case filed in the 58th District Court.

After Kizziah Construction and Thomas were served in the First Case, Thomas answered for himself and on behalf of Kizziah Construction. But since Thomas is not licensed as an attorney, L&W Supply moved to strike Kizziah Construction's answer and asked the trial court to default Kizziah Construction.[1] The judge of the 58th District Court granted L&W's request, struck Kizziah Construction's answer because Thomas is not a licensed attorney, and entered a default judgment against Kizziah Construction based on Kizziah Construction's failure to file an answer. The order granting the default judgment was interlocutory, however, because it didn't dispose of all parties and claims. But even though the order was interlocutory, the order awards L&W Supply $61,288 in actual damages based on the debt the trial court found Kizziah Construction owed L&W on the open account.[2] In the interlocutory-default judgment in Trial Court Cause Number A-0203094

---

[1]The Clerk's Record doesn't include a copy of L&W's combined Motion to Strike, Motion for Interlocutory Default Judgment, or a transcript of the hearing that the 58th District Court conducted on L&W's motion.

[2]The amount awarded in the 58th District court is $61,287.98, not $61,288. But for convenience, unless otherwise stated in the opinion, we have rounded all monetary figures to whole numbers.

4

(the First Case), the 58th District court also awarded L&W Supply prejudgment and post-judgment interest, attorney's fees, and court costs.

In June 2019, L&W Supply nonsuited its claims against Thomas in the case in the 58th District Court. It did so by filing a notice of nonsuit, which states that L&W was nonsuiting its claims "**without prejudice against refiling same.**"[3] In July 2019, the judge of the 58th District Court signed an order acknowledging L&W Supply's nonsuit. That order states L&W Supply's "causes of action against Defendant, THOMAS KIZZIAH, INDIVIDUALLY, are nonsuited without prejudice to refiling same . . . [making] the Order Granting Interlocutory-Default Judgment . . . a *final* order."[4] By dismissing L&W's claims against Thomas, the trial court disposed of all claims it did not resolve in the interlocutory-default judgment, which addressed L&W's claim against Kizziah Construction. So when the trial court signed the order of nonsuit, the nonsuit merged with the interlocutory-default judgment, making the interlocutory-default judgment in the First Case final the day the trial court dismissed

---

[3]Bold in original.
[4]Italics and all caps as quoted in the trial court's order.

5

Thomas from the suit, July 9, 2019.[5] Thus, in the 58th District Court, L&W Supply recovered a judgement of $61,288 on its claim against Kizziah Construction under the credit agreement governing its account with Kizziah Construction, prejudgment interest at eighteen percent (1 1/2 percent per month), post-judgment interest at 5.25 percent (the amount that was then required by Texas Finance Code section 304.003(c)(1)), plus additional awards of attorney's fees and costs.

In July 2019, alleging that Kizziah Construction's debt remained unpaid, L&W Supply sued Thomas Kizziah in Jefferson County claiming he breached his obligations to L&W under the guaranty he signed when Kizziah Construction opened the account. In the second suit, L&W alleged Thomas was personally liable for the $61,288 Kizziah Construction owed L&W under the guaranty that he signed in February 2002.[6]

---

[5]*See Wembley Inv. Co. v. Herrera,* 11 S.W.3d 924, 926 (Tex. 1999) (per curiam) (concluding an order nonsuiting the last defendants against whom the plaintiff had filed claims made an earlier default judgment the plaintiff took become final when the dismissal disposed of the outstanding claims).

[6]L&W's Original Petition includes breach of fiduciary duty and breach of trust claims. But in February 2020, L&W Supply nonsuited these claims.

In February 2020, relying on Thomas's guaranty, L&W moved for summary judgment. Thomas responded with a cross-motion for summary judgment of his own. In his cross-motion and relying on the suit and the judgment signed by the judge of the 58th District Court, Thomas argued that L&W's claim under the guaranty was barred by the doctrines of res judicata and collateral estoppel. Following a hearing, the trial court denied L&W Supply's motion and granted Thomas's cross-motion. The trial court did not explain the basis of its ruling for either of the motions.

In the brief L&W filed on appeal, it did not separately number its issues. But for convenience, we will discuss L&W's issues as follows. On appeal, L&W complains in its first two issues that the trial court erred in granting Thomas's motion for summary judgment because Thomas failed to meet his summary judgment burden and failed to conclusively establish that his defenses of res judicata and collateral estoppel barred its claims under the guaranty. In its third issue, L&W argues the trial court erred in denying its motion for summary judgment. It asks this Court to reverse and render judgment in its favor on the guaranty.

After L&W appealed, we noticed that neither of the trial court's orders granting the motions for summary judgment stated they were

7

final. The order granting Thomas's motion also did not order L&W to take nothing on its claims.[7] When an appellate court "is uncertain about the intent of the order, it can abate the appeal to permit clarification by the trial court."[8] After we abated the appeal, the trial court signed an amended order, adding language of finality and ordering L&W Supply to take nothing on its claims. On November 9, 2022, the district clerk filed a supplemental clerk's record and we reinstated the appeal.

## Standard of Review

We review appeals challenging rulings on motions for summary judgment de novo.[9] "To prevail on a traditional motion for summary judgment, the movant must show no material fact issues exist and that it is entitled to judgment as a matter of law."[10] We take as true all evidence favorable to the respondent, and we indulge every reasonable

---

[7]*Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003). ("An order that merely grants a motion for judgment is in no sense a judgment itself. It adjudicates nothing.").

[8]*Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001).

[9]*Rosetta Res. Operating, LP v. Martin*, 645 S.W.3d 212, 218 (Tex. 2022).

[10]*Id.*; Tex. R. Civ. P. 166a(c).

8

inference and resolve any doubts in favor of the non-movant.[11] "When both parties move for summary judgment and the trial court grants one motion and denies the other, . . . we review both sides' summary judgment evidence and render the judgment the trial court should have rendered."[12] As those standards apply here, we must resolve three issues to decide whether the trial court's judgment should be affirmed. First, do res judicata and collateral estoppel bar L&W's claims against Thomas under the guaranty.[13] Second, if Thomas didn't prove his affirmative defenses bar L&W's suit, we must then decide whether L&W conclusively proved that Thomas breached the guaranty by failing to pay Kizziah Construction's debt based on the agreement he made when he signed the guaranty. Third, if L&W established it had a right to prevail on its cross-motion for summary judgment, we must then decide whether L&W conclusively proved it had a right to recover $13,912 in attorney's fees to

---

[11]*Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

[12]*Endeavor Energy Res., L.P. v. Energen Res. Corp.*, 615 S.W.3d 144, 147-48 (Tex. 2020).

[13]*See Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705-06 (Tex. 2021); *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862-63 (Tex. 2010).

enforce the guaranty, plus additional fees for representing L&W in this appeal, plus additional conditional awards of attorney's fees made contingent on Thomas exercising his right to appeal.

Analysis

*The Arguments in the*
*Motions For Summary Judgment*

We start with Thomas's motion for summary judgment and the argument he raised in the trial court. We start there because if Thomas prevails on his affirmative defenses to the guaranty, the conclusion the trial court reached, we will not need to reach L&W's other claims.[14]

As mentioned above, Thomas's motion for summary judgment relies on his claims of res judicata and collateral estoppel. In turn, those claims depend on what occurred in the First Case, filed in the 58th District Court. According to Thomas, even though L&W nonsuited him in the First Case, L&W through the exercise of due diligence "should have" pursued its claim against him in the 58th District Court and should not have dismissed him from that case since its claim under the guaranty arises from the same transaction as the claims L&W filed against Kizziah

---

[14]*See* Tex. R. App. P. 47.1.

10

Construction and the claim L&W filed against him in the 58th District Court. Thomas also claimed that in filing a second suit in the 172nd District Court, L&W is seeking a second judgment on the same debt as the debt the judgment L&W obtained in the First Case against Kizziah Construction is based. According to Thomas, L&W seeks "to obtain a double recovery that the doctrine of res judicata was designed to prevent."

As to Thomas's claim of collateral estoppel, Thomas argued when he was in the trial court that the judgment in the First Case led to "a final determination on the merits of its claim." As a final judgment, Thomas claimed the judgment has "the same effect as any final judgment would have after a full trial on the merits." And Thomas noted that for collateral estoppel to apply, he needed to prove that under the credit agreement that he, Kizziah Construction, and L&W were in privity on the agreement before collateral estoppel applied and barred the suit L&W filed against him in the 172nd District Court.

In response to Thomas's claim that it was seeking a double recovery when it was in the trial court, L&W argued it had not collected against Kizziah Construction on the judgment it obtained in the 58th District

11

Court. L&W told the 172nd District Court it had not collected on that judgment "due to the corporation's undeniably poor financial condition." To support that claim, L&W attached evidence to the response it filed to Thomas's motion. Generally, speaking, the evidence it filed shows all Kizziah Construction's assets have existing liens.

As to Thomas's defenses of res judicata and collateral estoppel, L&W argued that it nonsuited its claims against Thomas in the First Case without prejudice, and that by doing so, it preserved its right to later refile its claim against him on the guaranty. L&W noted that because the 58th District Court dismissed L&W's claims against Thomas in the First Case without prejudice, its claims in the First Case against Thomas were never adjudicated on their merits. L&W also pointed out that the judge in the 58th District Court also defaulted Kizziah Construction for failing to appear and answer, so even its claims against Kizziah Construction were not decided on their merits.

In its cross-motion for summary judgment, L&W argued it was entitled to a judgment against Thomas because he breached the terms of his guaranty by failing to promptly pay "all monies owed under Kizziah Construction's account with L&W." L&W's motion further alleged

12

Kizziah Construction's account "remains unpaid in the principal amount of $61,2[88]." Among the exhibits L&W included with its motion are Thomas's guaranty, the affidavit of L&W's credit manager, Valerie Nottage, and an attorney's fee affidavit, signed by Jason Walker.

In her affidavit, Nottage states she reviewed L&W Supply's records on Kizziah Construction's account. Nottage swore that Kizziah Construction owes L&W $61,288 after "all just and lawful offsets, payments, and credits have been allowed[,]" plus interest. But Nottage didn't seek to calculate past interest on Kizziah Construction's account based on the terms of its credit agreement with L&W, and there is no summary-judgment evidence that would support a calculation of a prejudgment interest amount under the terms of the credit agreement governing the open account. That said, neither party has complained about that on appeal.

Jason Walker, L&W's attorney, addressed the attorney's fees L&W incurred in his affidavit. Based on his experience (which is set out in his affidavit), Walker averred that $13,912 represents a reasonable, necessary, and customary legal fee for the services that he and his firm rendered on L&W's behalf through the hearing on L&W's motion for

13

summary judgment based on the services rendered to L&W from the day L&W hired Walker's firm to represent L&W and to collect on the guaranty.

*The Res Judicata Defense*

A party relying on res judicata as a defense must present evidence on these elements of the defense:

(1) a prior final judgment on the merits by a court of competent jurisdiction;
(2) establish an identity of parties or those in privity with them; and
(3) establish the second action is based on the same claims as were raised or could have been raised in the first action.[15]

Here, the question is whether a final judgment on the merits of the guaranty occurred in the case filed in the 58th District Court. As explained below, we conclude the answer to that question is no.

When the 58th District Court dismissed L&W's claim against Thomas in the First Case without prejudice, it placed L&W in the same position it was in before L&W invoked the jurisdiction of the 58th District

---

[15] *Amdstadt v. United States Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996).

14

Court just as if it had never filed suit on the guaranty.[16] In *Epps v. Fowler*, the Texas Supreme Court explained that res judicata does not apply when a claim is nonsuited, stating "[w]hen a case is nonsuited without prejudice, res judicata does not bar relitigation of the same claims."[17]

Second, the summary-judgment evidence supporting Thomas's motion doesn't show that he, Kizziah Construction, and L&W are *in privity* regarding the promises tied to the guaranty. The guaranty agreement and credit agreement are separate agreements. Kizziah Construction and L&W are the parties to the credit agreement, while Thomas and L&W are the parties to the guaranty. Besides involving different parties, the two agreements involve different promises. For instance, the credit agreement required Kizziah Construction to pay for the supplies it bought from L&W under terms that are stated in the written credit agreement applicable to the open account. Had Thomas not signed the guaranty, he would not have been personally obligated to pay

---

[16]*KT Bolt Mfg. Co. v. Tex. Elec. Coop., Inc.*, 837 S.W.2d 273, 275 (Tex. App.—Beaumont 1992, writ denied).

[17]*Epps v. Fowler,* 351 S.W.3d 862, 868 (Tex. 2011).

Kizziah Construction's debt if it defaulted since it was the corporation's debt.[18] So Thomas's liability for the debt tied to breaching the guaranty rather than to Kizziah Construction's failure to pay its corporate debt.

On appeal, Thomas does not argue that he, Kizziah Construction, and L&W are *in privity* on the guaranty.[19] Yet as to these two agreements, the summary-judgment evidence in the record shows no identity of parties or those in privity with them exist. Thomas was required to do more than merely prove the guaranty and credit agreement existed and involve a related debt to establish the elements required to prove res judicata barred L&W' from suing Thomas for breaching the guaranty.[20]

---

[18]*See* Tex. Bus. Orgs. Code Ann. § 21.223(a)(2).

[19]For example, Thomas did not plead or prove that Kizziah Construction was his alter ego. There is also no evidence proving what ownership interest Thomas has in Kizziah Construction, Inc., and no evidence showing the office, if any, that Thomas holds in the company.

[20]*See generally Amdstadt*, 919 S.W.2d at 653 (explaining *privity* for res judicata purposes means the mutual or successive relationship to the same rights in the property involved in the suit); *and see* PRIVITY, BLACK'S LAW DICTIONARY (9th ed. 2009) (defining "privity" as "[t]he connection or relationship between two parties, each having a legally recognized interest in the same subject matter (such as a transaction, proceeding, or a piece of property); mutuality of interest").

To sum up: The trial court erred in granting summary judgment in Thomas's favor on his res judicata defense because: (1) Thomas failed to conclusively prove a prior final judgment on the merits adjudicated L&W Supply's breach of guaranty claim, and (2) Thomas failed to prove an identity of parties or privity exists between the parties in the suit resulting in the judgment rendered in the 58th District Court and the one that was before the 172nd District Court. We sustain L&W's first issue.

*The Collateral Estoppel Defense*

To prevail on its collateral estoppel defense, Thomas needed to prove:

(1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action;
(2) those facts were essential to the judgment in the first action; and
(3) the parties were cast as adversaries in the first action.[21]

On appeal, Thomas didn't respond to L&W's argument that he failed to present summary-judgment proof sufficient to conclusively establish his collateral estoppel defense. But as discussed before, L&W didn't litigate its guaranty claim to a conclusion in the First Case.

---

[21]*Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994).

17

Instead, that claim—along with its other claims against Thomas—were dismissed in that case without prejudice.[22] Because the guaranty claim was not ever "fully and fairly litigated" in the 58th District Court, collateral estoppel did not bar L&W Supply from refiling its claim against Thomas on the guaranty.

We conclude the trial court erred in concluding that collateral estoppel applied to L&W's claim against Thomas on his guaranty. We sustain L&W's second issue.

*L&W's Motion For Summary Judgment*

In issue three, L&W argues that because it conclusively proved Thomas breached the guaranty, the trial court erred in denying its motion for summary judgment. According to L&W, Thomas never presented any evidence to dispute L&W's evidence, which it contends shows (1) a guaranty owned by L&W exists; (2) Thomas guaranteed Kizziah Construction's debt on L&W's open account; (3) Kizziah Construction incurred a debt to L&W of $61,288 on the account; and (4) Thomas failed or refused to pay L&W what it owed under his guaranty.

---

[22] *Barr v. Resolution Tr. Corp. ex. Rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628 (1992).

18

"To recover under a guaranty contract, a party must show (1) the existence and ownership of the guaranty contract, (2) terms of the underlying contract by the holder, (3) occurrence of conditions upon which liability is based, and (4) the guarantor's failure or refusal to perform the promise."[23] L&W attached a copy of the credit agreement and the guaranty to its motion for summary judgment. The agreement states:

> The undersigned [Thomas] for consideration do[es] hereby personally guarantee . . . the full and immediate prompt payment to L&W . . . of all indebtedness heretofore or hereafter incurred on the aforesaid account and all attorney's fees and expenses incurred to enforce this guarant[y].[24]

L&W's summary-judgment evidence includes an affidavit from Valerie Nottage, L&W's area credit manager. Nottage's affidavit states Kizziah Construction owes L&W $61,288, plus interest on its account. L&W's evidence supporting its motion for summary judgment includes Thomas's answers to L&W's interrogatories. In his answers, Thomas "acknowledge[d] that the principal amount of $61,2[88] was owed to

---

[23]*Ally v. Cmty. Bank of Tex., N.A.*, No. 09-11-00537-CV, 2012 Tex. App. LEXIS 3771, at *4-5 (Tex. App.—Beaumont May 10, 2012, no pet.).
[24]The guaranty Thomas signed is typed in all capital letters. But since words in uppercase text are generally harder to read, we have elected to make the text more legible and used lower-case text.

[L&W Supply]." Then, in answering the interrogatories Thomas explained he did not pay the debt because he did not owe it, as "this is the same debt on which [L&W Supply] has already obtained a signed Judgment against Kizziah Construction Inc. . . . in the 58th District Court[.]"

In response to L&W's motion for summary judgment, Thomas relied on his claims of res judicata and collateral estoppel. That said, the evidence he produced to support these defenses didn't support them because L&W nonsuited its claims against Thomas on the guaranty in the 58th District Court.

To sum up: We conclude the summary-judgment evidence establishes: (1) L&W owns the guaranty; (2) the guaranty obligated Thomas to pay the debt Kizziah Construction incurred on its open account based on the amount stated by Valerie Nottage in her affidavit; (3) the undisputed amount of that debt is $61,288; and (4) Thomas breached his guaranty by failing to pay L&W $61,288 under the terms of his guaranty.

L&W also asks that this Court award L&W attorney's fees for the work its attorneys performed in the trial court, in this Court, and for

conditional and additional awards of fees should Thomas appeal. But for the reasons explained below, we conclude that even though L&W is entitled to an award of attorney's fees, this Court may not award fees since they are a contested issue which must be decided for the first time in the district court.

*Attorney's Fees*

Although L&W did not prevail on its motion for summary judgment in the trial court, it asks this Court to render judgment on its various claims for attorney's fees without those claims first being reviewed in the district court. Alternatively, it asks that we remand the case to the trial court and instruct the trial court to render a judgment in its favor and to grant all other relief to which it is entitled.

Ordinarily, deciding the amount to award as a reasonable and necessary attorney's fee award presents an issue that a court cannot resolve as a matter of law.[25] Generally, the testimony of an interested witness, even when that testimony is uncontradicted, just raises an issue of fact, which leaves it up to a factfinder to decide what amount a party

---

[25]*See Garcia v. Gomez*, 319 S.W.3d 638, 642 (Tex. 2010), *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 881 (Tex. 1990).

21

should be awarded in reasonable and necessary attorney's fees.[26] That said, there are circumstances when an interested witness's testimony may be conclusive on an issue. For instance, when the testimony "is not contradicted by any other witness, or attendant circumstances, and the same is clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon," the testimony "is taken as true, as a matter of law."[27]

But the exception mentioned above is a narrow exception to the general rule requiring testimony of interested witnesses to be presented to a factfinder, and the exception doesn't apply when the interested witness's testimony is "unreasonable, incredible, or its belief is questionable."[28] To be clear, the attorney's fee evidence, which depends on Walker's affidavit (an interested witness), shows what Walker's firm charged L&W. The evidence includes itemized time records from Walker's firm for the work Walker's firm performed. To be sure, we are **not** suggesting that any of the evidence on attorney's fees is **incredible:**

---

[26]*See Smith v. Patrick W. Y. Tam Tr.*, 296 S.W.3d 545, 547 (Tex. 2009).

[27]*Ragsdale*, 801 S.W.2d at 882.

[28]*Id.*

it isn't. Still, there are problems with the evidence on attorney's fees the Court cannot ignore, which make it unreasonable for a court that cannot act as a factfinder to render a judgment awarding attorney's fees and expense on the evidence we have here.

First, as L&W didn't prevail on its claims in the trial court, Thomas has never had a chance to test L&W's attorney's fee claims before a trier of fact.[29] Second, the evidence L&W presented in support of its attorney's fee claim is subject to question when presented to be decided as a matter of law. For instance, in several respects the evidence L&W relies on falls short of the requirements established in by the Texas Supreme Court in *Rohrmoos Ventures v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 488 (Tex. 2019), to prove what amount would be a reasonable and necessary fee.

The non-exclusive factors considered in deciding a reasonable and necessary fee in *Rohrmoos* include "the experience, reputation, and ability of the lawyer or lawyers performing the services[.]"[30] In Walker's

---

[29]Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8); *Ventling v. Johnson*, 466 S.W.3d 143, 154 (Tex. 2015).

[30]*Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 494 (Tex. 2019).

affidavit, Walker discussed his background and qualifications. And his qualifications are matters relevant to his hourly rate. Yet Walker provided no information about the background and qualifications of the associate and paralegals who worked on the file, yet they both charged L&W at rates that must be supported by evidence about their background and qualifications to support what they charged.[31] Without supporting information, a factfinder has no meaningful way to determine whether an attorney's fee request is (or is not) reasonable and necessary for the services rendered.

Next, Walker's affidavit and the itemized time records cover the time Walker and his firm spent on both the First Case, filed in December 2018 against Kizziah Construction and Thomas, and the case L&W filed only against Thomas in the 172nd District Court. But as discussed, L&W Supply nonsuited Thomas on the First Case. So in deciding whether the attorney's fees award L&W requests represents one that is reasonable and necessary, a factfinder could reasonably disagree with Walker's

---

[31]We assume without deciding that the guaranty, which gives L&W the right to recover "attorney's fees and expenses" from Thomas is the basis of L&W's claim seeking the paralegal charges it included in the claim for fees it sought from Thomas.

24

opinion that the fees covering the work performed on the First Case and the case in the 172nd District Court all relate to L&W's claim against Thomas on the guaranty. Put another way, a reasonable factfinder could decide L&W should not recover the attorney's fees against Thomas for the work on a case on claims against Thomas that L&W chose to voluntarily dismiss.

Last, in his affidavit, Walker made no effort to segregate the time his firm spent on the claims it pursued against Kizziah Construction on the credit agreement and the time it spent to collect against Thomas on the guaranty. Parties seeking attorney's fees must segregate the fees between claims so that the trier of fact may determine what amount represents a reasonable and necessary award on which the award in the case is based.[32] The damages award before us here is based on Thomas breach of the guaranty rather than Kizziah Construction's breach of its promises under the credit agreement. While we recognize that proving what Kizziah Construction owed L&W is evidence that L&W needed to prove damages on its claim against Thomas for breaching the guaranty,

_____

[32]*Kinsel v. Lindsey*, 526 S.W.3d 411, 427 (Tex. 2017).

Thomas contractual relationship with L&W is tied to the guaranty, not to the credit agreement governing the open account. Besides, the amount L&W claimed Kizziah Construction owed became a liquidated sum that didn't require anything more than proving Kizziah Construction didn't pay the judgment in proving that Thomas breached the guaranty.

Simply because cases share common facts isn't a sufficient reason to excuse a party from its duty to segregate fees between claims when they involve separate parties.[33] We conclude L&W's summary-judgment evidence fails to conclusively establish the amount it claims it has a right to recover in attorney's fees and expenses based on its claim against Thomas on the guaranty.[34]

---

[33]*See A.G. Edwards & Sons, Inc. v. Beyer*, 235 S.W.3d 704, 710 (Tex. 2007).

[34]We further note that Thomas's guaranty allows L&W the right to recover "attorney's fees and expenses." In his affidavit, Walker stated that $13,912 is the reasonable and necessary amount for the *fees* and *costs* that his firm rendered for representing L&W against Thomas. But on items charged to clients as an expense, an attorney or his law firm may only charge the client for what the attorney or his firm was actually charged for the expense it then billed to the client unless the attorney and his firm disclosed the firm would be charging the client more than the actual expenses for the items or services the firm incurred on the client's behalf before it was hired and then billed the item as a reimbursable expense. *See* Tex. Disciplinary Rules Prof'l Conduct 1.04(c), 1.03(b), and 8.04(a)(3). That said, we do not intend to imply that Walker

Conclusion

We conclude the trial court erred in granting Thomas's motion for summary judgment. As to the principal amount of the debt Kizziah Construction owed L&W Supply under Thomas's guaranty, which is $61,287.98 as Thomas admits, we conclude the trial court erred in denying L&W's motion. But we further conclude L&W Supply failed to conclusively prove it had a right to recover attorney's fees in amounts it claimed.

We REVERSE and RENDER judgment for the appellant, L&W Supply Corporation against Thomas Kizziah on its breach of guaranty claim, as follows: We ORDER, ADJUDGE AND DECREE that L&W Supply Corporation D/B/A Building Specialties recover from the defendant, Thomas Kizziah, as follows:

---

or Walker's firm didn't comply with the disclosures required by the Rules of Professional Conduct, and we are also not implying that the firm charged reimbursable expenses to L&W at a rate that exceeded what the firm was charged. Even so, Walker didn't state the disclosures that are required were made, and he didn't state the expenses were billed at the rates the firm was actually charged. All we can say on this record is that we have no meaningful way of knowing whether the expenses were properly billed.

a) the sum of $61,287.98 on its claim that Thomas Kizziah breached the guaranty;

b) prejudgment interest on the sum of $61,287.98 at the rate provided by section 304.003 of Finance Code, beginning July 1, 2019, and running until the day preceding the day the trial court signs the final judgment; and

c) post-judgment interest on that sum at the rate provided by section 304.003 of the Finance Code, beginning the day the trial court signs the final judgment until the judgment is paid.

We REMAND the case to the trial court and instruct the trial court to conduct proceedings limited to determining the amount in attorney's fees, expenses, and costs the appellant, L&W Supply Corporation D/B/A Building Specialties, may recover from Thomas Kizziah on its claim against him on his guaranty. After the trial court conducts those proceedings, we instruct the trial court to enter a final judgment that awards: (1) the amount, if any, that is determined to be a reasonable and necessary award for attorney's fees and expenses on L&W's claim for attorney's fees; (2) the amount we have determined that Thomas owes L&W for breaching the guaranty—$61,287.98, as indicated above; (3) an

28

award of prejudgment interest; (4) an award of post-judgment interest; and (5) taxable costs.

REVERSED AND RENDERED IN PART, REVERSED AND REMANDED IN PART.

_____
HOLLIS HORTON
Justice

Submitted on January 24, 2022
Opinion Delivered December 1, 2022

Before Golemon, C.J., Horton and Johnson, JJ.